## J. T. BYNUM v. HENRY HOBBS ET AL.

### Decided June 26, 1909.

**1.—Parties—Vendor's Lien—Foreclosure.**

When vendor's lien notes, given by the same vendee to the same vendor for the same land, are held by different persons, all such persons are proper parties plaintiff to a suit to foreclose the lien.

**2.—Briefing—Statement.**

A declaration in a brief by counsel for appellant that it is "impossible to make reference to the portions of the statement of facts fully showing the condition of the evidence under the issue" is no excuse for failure to make a proper statement of the evidence, and will justify the Appellate Court in declining an invitation to search the entire statement of facts.

**3.—School Lands—Subject of Contract—Forfeiture.**

Until a sale of school lands is actually forfeited such lands are the subject of contract.

**4.—Same—Promissory Note—Failure of Consideration.**

When a forfeiture of a sale of school land is practically set aside by the Commissioner of the Land Office, and the former award substantially reinstated in favor of a vendee of the original purchaser, such vendee can not successfully plead failure of consideration for the notes given by him to said purchaser for said land before the forfeiture.

**5.—Promissory Note—Endorsement in Blank—Effect.**

Because the notes sued upon, when offered in evidence, were endorsed in blank by the plaintiff, who was the original payee, is no reason why the said payee could not sue and recover upon the same.

**6.—Practice—Objection to Evidence.**

An objection to evidence as a whole is properly overruled when a part of the evidence is competent.

**7.—Same—Assignments of Error—Rules.**

When assignments of error are grouped in violation of rules 24, 25 and 26 for the preparation of briefs, they will not be considered on appeal.

Appeal from the District Court of Floyd County. Tried below before Hon. L. S. Kinder.

*J. B. Bartley* and *Graham & Williams,* for appellant.—The notes sued on having been given as part of the purchase price for public free school land, title to which was in the State at the time of the sale, and Hobbs at that time having no legal or equitable title thereto, and defendant having pleaded said facts as failure of consideration, a plea of estoppel or confession and avoidance by plaintiffs to such pleading by defendant which admits the facts pleaded by defendant as failure of consideration but alleges that as a result of defendant's purchase from Hobbs defendant was enabled to purchase said lands from the State without loss, is insufficient as matter of law, and constitutes no valid legal answer to such plea of failure of consideration. Lamb v. James, 29 S. W., 647; Raynor Cattle Co. v. Bedford, 44 S. W., 410, 45 S. W., 554 (Supreme Court).

Plaintiff Hobbs in his pleading having alleged himself to be the legal owner and holder of notes Nos. 2 and 3 sued on, and having alleged no facts explaining the blank endorsement thereon by himself, the notes on their face being in form negotiable and payable to himself, and being endorsed by him in blank, and no evidence having been introduced showing or tending to show Henry Hobbs to be the owner of said notes Nos. 2 and 3 or to explain said endorsement thereon, it was error to permit said notes read as evidence in support of his allegations, over defendant's objections that said evidence was at variance with the pleadings. Parlin & Orendorff Co. v. Harrell, 27 S. W., 1084.

A statement made by the Commissioner of the General Land Office in what purports to be a certified copy of an appraisement and classification of lands to the following effect: "Reappraised at former price on account of equities of present claimant, who will try to protect his interest," is not admissible as evidence against a purchaser of said lands from the State over an objection that such statement is a conclusion and made about a matter that the Commissioner was not authorized to make, and that same is hearsay as to the defendant, he having had no opportunity to cross-examine said Commissioner on said statement. Meyers v. James, 23 S. W., 562.

The grantor of public free school lands in which such grantor had no title, legal or equitable, at the time of such conveyance, and who acquired no legal or equitable title thereto, and who received as part of the purchase price for said lands vendor's lien notes, is not in law entitled to recover as against the maker of such notes, where such fact showing such failure of consideration for all said notes is pleaded and proved as a defense. Palmer v. Chandler, 47 Texas, 332; Swetman v. Sanders, 20 S. W., 124; Raynor Cattle Co. v. Bedford, 44 S. W., 410, 45 S. W., 554 (Supreme Court); Wheeler v. Styles, 28 Texas, 240; Lamb v. James, 29 S. W., 647; Williams v. Finley, 90 S. W., 1087; Bourn v. Robinson, 107 S. W., 873.

A vendor's lien retained in the face of a deed and notes evidencing a conveyance of public free school land in which the grantor in said deed and payee in the face of said notes had no title, legal or equitable, at time of execution and delivery of said deed and notes, and acquired no title therein thereafter, should be canceled in a suit on said notes, with prayer for judgment on said notes and for foreclosure of said lien, in response to pleadings and evidence by the maker of said notes showing that said lands were public free school lands, in which said grantor had no legal or equitable title at the time of the execution and delivery of deed and notes, and acquired none thereafter; the proof under the pleadings further showing that the maker of said notes had long after the execution and delivery thereof been compelled to, and did, in order to avoid heavy loss to himself, purchase said lands from the State at an increased rate of interest on deferred payments. Bourn v. Robinson, 107 S. W., 873; Lamb v. James, 29 S. W., 647; Palmer v. Chandler, 47 Texas, 332; Wheeler v. Styles, 28 Texas, 240; Wllliams v. Finley, 90 S. W., 1087; Raynor Cattle Co. v. Bedford, 44 S. W., 410 (Ct. Civ. App.), 45 S. W., 554 (Supreme Court).

*Randolph & Randolph*, for appellees.

CONNER, CHIEF JUSTICE.—Appellees, Henry Hobbs and I. E. Gartin, instituted this suit in the District Court of Floyd County against appellant to recover upon three promissory notes for the sum of seven hundred and sixty-two dollars and fifty cents each, with interest and attorney's fees as provided in the notes. It was alleged that the notes had been given by appellant Bynum as part of the consideration for certain school lands described in the petition, upon which the vendor's lien had been expressly retained to secure the payment of the notes. It was further alleged that before maturity Hobbs, the original payee, had for a valuable consideration duly assigned to appellee Gartin one of said notes.

Appellant Bynum, among other things, pleaded that Hobbs had no title, legal or equitable, to any of the lands when he sold them; that therefor appellant had paid the sum of one thousand dollars in cash and given the notes sued upon; that because of the want of title there was an entire failure of consideration and absence of lien; and he pleaded a misjoinder of causes of action and parties, and also prayed for a cancelation of the notes and recovery of the one thousand dollars paid by him, charging that Gartin was a purchaser with notice, etc. The trial resulted in a judgment for appellees.

The following is appellant's first assignment, proposition and statement thereunder: "The trial court erred in not sustaining and in overruling appellant's plea in abatement based on alleged misjoinder of parties plaintiff herein." Proposition under said assignment: "There being no valid lien in existence securing the payment of the several notes sued on, there was no such joint or community interest between the parties plaintiff or their causes of action as entitled them, as a matter of law, to jointly bring this suit." Statement under said proposition: "The pleadings and evidence in this case show that plaintiff Hobbs sold defendant Bynum certain lands which at that time were public free school lands belonging to the State, Hobbs having no legal or equitable title thereto. That as part of the purchase price therefor Bynum executed and delivered to Hobbs the three notes sued on. That thereafter, and before maturity of any of said notes, Hobbs sold one of them to I. E. Gartin. A lien was retained both in the face of the deed from Hobbs to Bynum and in the face of all of said notes on all the land so sold, securing the payment thereof, the notes on their face each showing for what they were given. Hobbs and Gartin as plaintiffs brought this suit on their notes respectively, and prayed for foreclosure of lien. (For pleadings of parties, see Tr., pp. 1 to 14. For evidence on these issues under said pleadings, see Tr., pp. 15 to 43, and S. F., pp. 1 to 14; and especially S. F., pp. 1 to 5.) We feel it impossible to make reference to the portions of the statement of facts fully showing the condition of the evidence under this issue, and therefore refer the court to the entire statement of facts."

The lien, as alleged and as evidenced by the promissory notes executed by appellant, was an entirety, and evidently both Hobbs and Gartin were proper parties in its foreclosure, unless appellant sustains the proposition that there was no lien. The statement made in support of the proposition can not certainly be considered as a compliance with the rules. It is therein said that Hobbs had no legal or equitable title to the

lands upon which the lien existed, but no evidence is quoted in support of the statement, nor is it definitely pointed out where any such evidence may be found in the record. If counsel for appellant, whose interest and duty it was, found it "impossible to make reference to the portions of the statement of facts fully showing the condition of the evidence under this issue," we hardly see how it can be expected of us that we do so. To say the least of it, we think the rules and many decisions require us to decline the invitation to search "the entire statement of facts." But aside from the foregoing observations, which have been tendered with a view of again admonishing counsel of the necessity of affording the appellate courts the aid contemplated by the rules, it is quite plain that the issue upon which the supposed misjoinder is based is necessarily involved in and must have been determined upon the merits, and we will therefore, without further notice of the first assignment, proceed to determine the remaining assignments, which go to the merits.

The second assignment of error goes to the action of the court in overruling appellant's general demurrer and exception to appellees' first supplemental petition, as follows: "And for further answer herein come the plaintiffs and specially plead in answer to the defendant's plea of failure of consideration as set forth in said original answer, and say that while the land upon which the vendor's lien notes herein sued on are a lien, and which land was sold to the defendant by the said Henry Hobbs, was in truth and in fact forfeited by the Commissioner of the General Land Office after the sale of said land to defendant by the said Hobbs, said sale was practically reinstated, and said land awarded to the defendant by the Commissioner of the General Land Office under the following conditions, to wit: That the Commissioner of the General Land Office, in consideration of the equities which the said defendant had in and to said land, which was purchased from said Hobbs, as purchaser from Hobbs, and in consideration thereof withdrew said land from public sale, reduced the price of said land from five dollars per acre and sold same to the defendant for the price of two dollars per acre. That said sale as made by the Commissioner of the General Land Office to the said defendant reinstated the defendant in each and every right, equity, title and interest which he was to obtain by reason of his contract and deed of sale from the said Hobbs. Whereupon, premises considered, plaintiffs say that the defendant is estopped from pleading a failure of consideration to said notes, and plaintiffs pray for judgment as prayed for in their original petition."

We think the facts alleged in this special plea were probably admissible under the general issue tendered to appellant's plea of failure of consideration, but if not, and if, as alleged in the special plea, the forfeiture was made by the Commissioner of the General Land Office after the sale of the land by Hobbs, then the lands were the subject of contract. (Dowding v. Ditmore, 26 Texas Civ. App., 606.) And if, as further stated in the special plea, the forfeiture was substantially set aside and the former award substantially reinstated and appellant awarded the lands by reason of his purchase from appellee Hobbs, it would constitute a good defense to the plea of failure of consideration.

Under the fourth assignment it is insisted that the court should have excluded two of the notes sued upon because of the fact that they bore the endorsement of Hobbs, the contention being that such endorsement divested the title out of him; but we think this contention can not be sustained. Appellee Hobbs was in possession of the notes alleging himself to be the owner, and the endorsement was wholly under his own control. It could have been erased without affecting the validity of the notes. In the form shown, the notes could have been sued upon by any possessor, the mere possession being presumptive evidence of ownership. We know of no reason why, if necessary to our conclusion, a like presumption may not be indulged in favor of Hobbs' ownership.

Appellant's fifth assignment in the brief complains of the introduction of a Land Office copy of the classification and appraisement of the lands in controversy because of the following endorsement: "Reappraised at former price on account of equities of present claimant, who will try to protect his interest." If appellant's objection had been confined to this endorsement we might be inclined to consider the question he presents; but the objection extends as well to the classification and appraisement, which was clearly admissible. The bill of exception going to the whole, the objection to a part only can not be considered. Jamison v. Dooley, 34 Texas Civ. App., 428.

The remaining assignments are as follows: "Appellant's eighth assignment of error in the record, sixth assignment in this brief: 'The trial court erred in rendering judgment against appellant and in favor of I. E. Gartin for any sum, as said judgment in this particular is contrary to the evidence and the law applicable thereto under the pleadings.' Appellant's thirteenth assignment of error in the record, seventh assignment in this brief: 'The trial court having given judgment in favor of I. E. Gartin against appellant, erred in not rendering judgment in appellant's favor over against Henry Hobbs for said sum.' Appellant's ninth assignment of error in the record, eighth assignment in this brief: 'The trial court erred in rendering judgment against appellant and in favor of Henry Hobbs for any sum, as the judgment in this particular is contrary to the evidence and the law applicable thereto under the pleadings.' Appellant's eleventh assignment of error in the record, ninth assignment in this brief: 'The trial court erred in refusing to cancel the notes sued on, the evidence showing as it does that the lands for which they were given as part of the purchase price was public domain at the time they were executed.' Appellant's tenth assignment of error in the record, tenth assignment in this brief: 'The trial court erred in granting a foreclosure of the supposed vendor's lien on the land in favor of appellees and against appellant, this portion of the judgment being contrary to the law and the evidence introduced under the pleadings, the evidence showing the lands to have been public domain at the time the purported lien was created.' Appellant's twelfth assignment of error in the record, eleventh assignment in this brief: 'The trial court erred in failing and refusing to give judgment in favor of the appellant and against Henry

Hobbs for the $1,000 sued for in reconvention and prayed for by appellant in his pleadings, with interest thereon.' "

We think it manifest that these assignments fail to point out error, and that it is our duty to disregard them because not in compliance with the rules and many decisions. See rules 24, 25 and 26; Garrison v. Ochiltree County, 50 Texas Civ. App., 397.

Reversible error not having been pointed out, it is ordered that the judgment be affirmed.

*Affirmed*

Writ of error refused.