McSHAN v. WATLINGTON.

(Court of Civil Appeals of Texas. Jan. 11, 1911.)

1. BILLS AND NOTES (§ 443*)—ACTION—PARTIES.

Plaintiff commenced action on a promissory note payable to another and indorsed to plaintiff, and by him indorsed to a bank. Defendant made default, and plaintiff paid to the bank, and then sued defendant. Prior to its delivery to plaintiff, the note was stamped across the face "City National Bank, Paid, Oct. 14," etc. Held, that the prior indorsers not being necessary parties, and plaintiff not being the payee, he had the right to sue in his own name, though some interest in the note might have been held by the prior indorsers.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1377–1423; Dec. Dig. § 443.*]

2. PARTIES (§ 78*)—BRINGING IN NEW PARTIES.

In an action on a note by a second indorser, defendant cannot complain that other indorsers are not made parties since, if he believes that such indorsers are necessary parties, it is his duty to bring them into the action.

[Ed. Note.—For other cases, see Parties, Dec. Dig. § 78.*]

3. ALTERATION OF INSTRUMENTS (§ 2*)—WHAT CONSTITUTES—STAMPING AS PAID.

Where a note was returned to an indorser stamped "Paid" by a bank, that act is not an alteration of the note.

[Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig. §§ 1–4; Dec. Dig. § 2.*]

4. EVIDENCE (§ 469*)—PAROL EVIDENCE—EXPLANATION OF CANCELLATION.

Where a note is returned to an indorser stamped "Paid" by a bank, it does not prevent an explanation of the circumstances under which it was stamped.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2148; Dec. Dig. § 469.*]

5. BILLS AND NOTES (§ 438*)—PAYMENT—EFFECT OF CANCELLATION.

The fact that a note was stamped "Paid" by a bank does not destroy the liability of the maker where he has not paid it.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1277, 1278; Dec. Dig. § 438.*]

6. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR.

Assignments of error not followed by propositions or statements will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from Bexar County Court; P. H. Shook, Judge.

Action by W. H. Watlington against C. H. McShan. From a judgment for plaintiff, defendant appeals. Affirmed.

Leo Tarleton, for appellant. Seth S. Searcy, for appellee.

FLY, J. This is a suit instituted by appellee on a promissory note for $323.35, payable to S. R. Cloud and C. F. Ellis, and by them indorsed to appellee, and by him indorsed to the City National Bank. Appellant made default in payment of the note which had been sold to the bank by appellee, and he paid off the same and it was delivered to him, but prior to its delivery it was stamped across the face: "City National Bank, Paid, Oct. 14, 1907, San Antonio, Texas." The cause was tried by jury and resulted in a verdict and judgment for appellee for the principal and interest sued for.

The first, ninth, and tenth assignments of error are grouped, neither being followed by a proposition or proper statement, but the first and ninth are probably propositions in themselves. The prior indorsers were not necessary parties. Appellee was not a payee in the note, and the note was indorsed to him by the payees, and he had the right and authority to sue in his own name, even though some interest in the note may have been held by his indorsers. Eason v. Locherer, 42 Tex. 173. If appellant desired that the prior indorsers should be made parties, he should by proper pleadings have made them parties. What the special charge referred to in the tenth assignment of error may have been is not disclosed by the brief, not even the record being referred to in regard to it. The note when returned to appellee by the bank was stamped, as hereinbefore indicated, and that act was not an alteration of the note, nor did it prevent an explanation of the circumstances under which it was stamped. The evidence conclusively shows that appellee paid the note off, but that did not have the effect of canceling it, and did not destroy the liability of appellant. He executed the note, and has not paid it off, and he is in no position to profit by the payment made by appellee. He is obligated by an express contract to pay the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

amount stated therein. The words stamped on the note, as explained by the evidence, showed merely a receipt of the amount by the bank from appellee. The authorities cited by appellant refer to the rights of sureties, and have no application to the facts of this case.

The testimony objected to in the third and fourth assignments of error was permissible as tending to show the circumstances under which the words were stamped on the note by the bank. The assignments should not be considered, however, because not followed by proposition and statement.

The seventh, eighth, twelfth, thirteenth, and fourteenth assignments of error are not followed by propositions or statements, and will not be considered.

The judgment is affirmed.