GRAY v. ALTMAN et al.

(Court of Civil Appeals of Texas. Amarillo. April 20, 1912. Rehearing Denied June 1, 1912.)

1. BILLS AND NOTES (§ 306*)—REMEDY OF PAYEE.

Where the payee of a promissory note indorses it and afterwards pays and takes it up, he stands, with reference to the maker, as if he had never parted with it; and his remedy is upon the note, and not upon account for money paid to the use of the maker.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 727; Dec. Dig. § 306.*]

2. APPEAL AND ERROR (§ 1011*)—REVIEW—FINDINGS.

A finding of the trial judge on conflicting evidence cannot be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

3. BILLS AND NOTES (§ 496*)—EVIDENCE—OWNERSHIP—PRESUMPTION.

The fact that a negotiable instrument in the hands of plaintiffs was produced at trial raises the presumption of plaintiffs' ownership, though, if plaintiffs be the payees, and the paper be found to have been indorsed, the presumption will be that the indorsement has not been completed by delivery, or that plaintiffs merely held the notes for collection.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1669–1674; Dec. Dig. § 496.*]

4. ALTERATION OF INSTRUMENTS (§ 8*) — WHAT CONSTITUTES—ERASURE OF INDORSEMENT.

Where the payee of a negotiable instrument had indorsed it to a third person and, on the maker's default, had taken up the note, the erasure of the indorsement was not such alteration as to deprive the payee of his remedy on the note.

[Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig. §§ 40–46; Dec. Dig. § 8.*]

5. BILLS AND NOTES (§ 443*)—ACTIONS—TITLE TO SUSTAIN.

Where, by erasure of indorsements and delivery, plaintiffs had the legal title to a note, they may maintain an action thereon, though another holds the equitable title.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1377–1423; Dec. Dig. § 443.*]

6. APPEAL AND ERROR (§ 747*) — ASSIGNMENTS OF ERROR—FILING—NECESSITY.

Where an assignment of error was not filed in the court below, the appellate tribunal need not consider it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3053–3057; Dec. Dig. § 747.*]

7. JUDGMENT (§ 248*)—PLEADING TO SUSTAIN.

In an action on vendors' lien notes, where the indorsers were joined as defendants, and the record shows that one indorser prayed for judgment over against the first indorser and set up the fact that he agreed to deposit in a bank a sum to be held in escrow, to be paid to the second indorser on his discharge of the note, and that the fund had been garnished, and the prayer of the petition was for all legal and equitable relief, the petition was sufficient to support a judgment adjudging the deposit in escrow to be subject to the payment of the notes.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 434; Dec. Dig. § 248.*]

Appeal from District Court, Dallam County; D. B. Hill, Judge.

Action by H. Altman and another against E. E. Gunn, T. R. Gray, and others. From a judgment for plaintiffs, defendant Gray appeals. Affirmed.

J. E. Synnott, of Dalhart, and Cooper, Merrill & Lumpkin, of Amarillo, for appellant. Tatum & Tatum, of Dalhart, for appellees.

HALL, J. Appellees H. Altman and D. McUlvan instituted this suit against E. E. Gunn as maker of two certain promissory notes, secured by vendors' lien, aggregating $20,160, against E. S. Collins, T. R. Gray, and his wife, as indorsers of said notes, and to foreclose vendors' lien upon certain lands described in the notes. The appellant Gunn answered by general denial, and specially answered, alleging that he was an indorser; that he had contracted with appellee Collins for the sale of the notes, and had made and entered into a contract and agreement with Collins to indemnify him and hold him

harmless on said notes, praying, in the event any judgment was rendered against him which he should be compelled to pay, that he have judgment against Collins for such amount. He also prayed for damages for the issuance and levying of an attachment upon his property. The appellee Collins filed an answer, adopting the allegations in plaintiffs' petition, alleged that he was only an accommodation indorser on said notes, and sought to have any judgment obtained against him made out of appellants E. E. Gunn and T. R. Gray and wife. The notes provide for 10 per cent. attorney's fees, and, a jury having been waived, the case was tried before the court, who rendered judgment against E. E. Gunn for the full amount of the notes, principal, interest, and attorney's fees, foreclosing the vendors' lien and ordering the land sold; also rendering a judgment against T. R. Gray and E. S. Collins for the full amount, providing that no execution should issue against Gray until the land had been exhausted and the property of E. E. Gunn exhausted, and that no execution issue against Collins until after the return of an execution against Gray; and providing further that, in the event Collins should be compelled to pay any sum toward the satisfaction of the judgment, he should have his execution against Gray, and also awarding execution in favor of Gray against Gunn. The judgment discharged Mrs. Gray by reason of coverture, and against Gray on his action for damages by reason of the attachment. The court further found that $1,920, which was in escrow in the bank, was the property of T. R. Gray, and decreed that if the amount of the judgment could not be collected from Gray, then that said $1,920, or so much thereof as was necessary, should be applied upon any unpaid part of the judgment, before an execution should be levied upon the property of the said Collins.

[1] Appellant insists, under the first assignment of error, that the court erred in refusing to permit him to file a first supplemental answer, the substance of which was to deny the ownership of the notes by plaintiffs and allege title thereof to be in the First National Bank of Cheyenne, at the date of the maturity of said notes. This supplemental answer was not tendered until after it had developed, during the introduction of the testimony, that said bank possibly had some right, title, or interest in the notes. It is insisted that the offer to file this supplemental answer should have been granted, and that a failure to do so is prejudicial, because it would have shown that the bank had at least once owned the notes, and that Altman and McUlvan had paid them off, by reason of which conditions they had no right to sue upon the notes, but that the cause of action was upon the implied promise of previous indorsers and the makers to reimburse them for the amount so paid; and, further, that they would not have been entitled to re-

cover the attorney's fees provided for in said note. In support of this contention, we are cited to the case of Faires v. Cockerell, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528, and subsequent cases, announcing the same rule. The authorities cited by appellant hold that, where joint obligors have executed a written contract, and one or more of them has satisfied the debt, an action can be maintained against their co-obligors for contribution upon the implied promise only, and not upon the written contract. We do not believe the authorities cited to be applicable to this case, and have found no decision where the rule has been applied to an indorser whose liability is only secondary. On the contrary, it is held, in the case of Williams, Adm'r, v. Durst, Adm'x, 25 Tex. 680, 78 Am. Dec. 548, that the payee of a promissory note, who indorses it and afterwards pays and takes it up, stands, with reference to the makers, in the same attitude as if he had never parted with it, and that his remedy is upon the note, and not upon a count for money paid to the use of the maker. Chief Justice Wheeler uses this language: "The contract between the maker and payee or first indorser is that the former will pay the note according to its tenor and effect. The obligation is created by the contract. The right of action is upon the contract. * * * Even in the case of an accommodation indorser of a promissory note, it has been held that if he pay the note he cannot recover from the maker upon the money counts, but must sue on the note."

[2] The second assignment of error is that the court "erred in rendering judgment in favor of plaintiffs and against this defendant; it appearing from the evidence that the notes sued on herein were not the property of the First National Bank of Cheyenne, Wyoming." Reference to the transcript shows that this assignment is incorrectly copied, and that the error, as really assigned and filed in the lower court, is that the evidence shows the notes to have been the property of the First National Bank of Cheyenne, and not the property of the plaintiffs, at the time of the institution of the suit. Notwithstanding the fact that the assignment has not been copied, as required by the rules, we have considered it, and in disposing of it state that the testimony is conflicting as to the ownership of the notes; and, the trial judge having found that plaintiffs were the owners, we cannot disturb the finding.

[3] In view of the fact that the notes were in the hands of plaintiffs, and produced by them upon the trial and alleged to have been their property, they are presumed to be the owners of them, and at least the holders of the legal title, entitling them to maintain the suit. Bynum v. Hobbs et al., 56 Tex. Civ. App. 557, 121 S. W. 900. If nothing further than the indorsement had appeared, the presumption would be, when the paper

was found in the hands of payees, that the transfer had not been completed by delivery, that it had been returned to them as their own property, or that it had been transferred only for collection. Texas L. & C. Co. v. Carroll & Iler, 63 Tex. 53.

[4] It appears from the record that the court permitted an inquiry into the ownership of the notes, even after he had refused appellant's request to file the supplemental answer, denying ownership in plaintiffs. It further appears from the record that plaintiffs had indorsed the notes, and. that the indorsement had been erased, together with the indorsement of the bank. The language of Fly, J., in McShan v. Watlington, 133 S. W. 722, is applicable to this issue, and is: "Appellee was not a payee in the note, and the note was indorsed to him by the payee, and he had the right and authority to sue in his own name, even though some interest in the note may have been held by his indorsers. * * * The note, when returned to appellee by the bank, was stamped 'Paid,' as hereinbefore indicated, and that act was not an alteration of the note, nor did it prevent an explanation of the circumstances under which it was stamped. The evidence conclusively shows that appellee paid the note off; but that did not have the effect of canceling it, and did not discharge the liability of appellant. He executed the note and has not paid it off, and he is in no position to profit by the payment made by appellee. He is obligated by an express contract to pay the amount stated therein. The words stamped on the note, as explained by the evidence, showed merely a receipt of the amount by the bank from appellee. The authorities cited by appellant refer to the rights of sureties, and have no application to the facts of this case."

[5] Even though the evidence had conclusively shown that the bank was the equitable owner of the notes, the condition of the indorsement gave the plaintiffs, as the legal holders, the right to maintain the suit; and it follows that the first, second, and third assignments should be overruled. Haggard v. Bothwell, 113 S. W. 965; National Bank of Commerce v. Rotan Grocery Co., 108 S. W. 1192; Still v. Lombardi, 8 Tex. Civ. App. 315, 27 S. W. 845, writ of error refused 93 Tex. 672.

Appellant's fourth assignment of error is that the court erred in rendering judgment in favor of plaintiffs for the attorney's fees. Since it is clear that plaintiffs' right of action was upon the notes, and not upon the implied promise, they had the right to recover the full amount provided for in the written contracts; and the fourth assignment is therefore overruled.

[6, 7] Appellant's fifth assignment is that the judgment of the court is without any pleading or evidence to support it in adjudging that the deposit of $1,920 in the Dalhart

bank, in escrow, by the appellant, Gray, could be by this judgment declared the property of the appellant, and remain in the bank until the land was sold, and, in the event the land did not sell for enough to satisfy the judgment, and the property of the appellant, Gray, was not sufficient to discharge the judgment, that said money should be applied to the payment of the balance due on the judgment before levying upon the property of Collins. This assignment was not filed in the lower court, and we are not bound to consider the same for that reason; but reference to the transcript shows that appellee Collins prayed for judgment over against Gunn and Gray for whatever amount he might be adjudged liable to pay, and that all the property belonging to defendants Gunn and Gray and wife be exhausted before the issuance of execution against him, and the appellant, Gray, sets up the fact that he agreed "to deposit in the Dalhart bank the said sum of $1,920, to be held in escrow, and to be paid to the said Collins upon his paying off and discharging the first note at its maturity, or to be paid to the said Collins and applied by the said Collins in the payment of any judgment that might be rendered in favor of plaintiffs, who were purchasing said notes, or other holders thereof, in the event the land securing the payment thereof was insufficient to pay off and discharge said indebtedness." It further appears from the record that a writ of garnishment was sued out by plaintiffs and served upon the bank where the deposit was made, and, in our opinion, under the state of the record and the prayer for all legal and equitable relief, there was no error in this portion of the judgment of which the appellant can complain.

The judgment is therefore affirmed.