HULME et al. v. LEVIS-ZULOSKI MER-
CANTILE CO.

(Court of Civil Appeals of Texas. Amarillo.
May 25, 1912. Rehearing Denied
June 22, 1912.)

1. ACCOUNT, ACTION ON (§ 6*) — PLEADING
OPEN ACCOUNT.

In an action on an open account between
a seller and purchaser dealing in a special line
of merchandise, the sworn copy of the account,
attached to the pleading and received in evi-
dence, must show the items charged with rea-
sonable certainty, their nature, the amounts
thereof, and the date, but need not state their
nature with such a degree of particularity as
to be readily intelligible to a person unfamiliar
with that business; it being sufficient if it
makes clear to parties engaged in that business
exactly what was bought, the date, and the
amount due.

[Ed. Note.—For other cases, see Account,
Action on, Cent. Dig. §§ 8–12; Dec. Dig. § 6.*]

2. ACCOUNT, ACTION ON (§ 6*) — PLEADING
OPEN ACCOUNT.

In an action on an open account between
a seller and purchaser dealing in a special line
of merchandise, where the sworn copy of the
account, attached to a petition and received in
evidence, contained an item for fancy feathers,
it was not necessary in similar items, imme-
diately following, to ditto the words "fancy
feathers," especially where the stock number
of the goods appeared on the account, and
doubtless also appeared on the articles deliv-
ered.

[Ed. Note.—For other cases, see Account,
Action on; Cent. Dig. §§ 8–12; Dec. Dig.
§ 6.*]

3. ACCOUNT, ACTION ON (§ 6*) — PLEADING
OPEN ACCOUNT—DATES.

In an action on an open account, where
the affidavit, attached to the petition and re-
ceived in evidence as prima facie proof of the
correctness of the account under Sayles' Ann.
Civ. St. 1897, art. 2323, was dated July 29,
1910, the fact that the account was dated Sep-
tember 27, 1910, did not render it defective,
where it was apparent from other parts of
the account that "1910" was inserted in the
account in place of "1909" by a mere clerical
error.

[Ed. Note.—For other cases, see Account,
Action on, Cent. Dig. §§ 8–12; Dec. Dig. § 6.*]

4. APPEAL AND ERROR (§ 742*) — BRIEFS —
SPECIFICATION OF ERRORS.

Under rule 31 for Courts of Civil Appeals
(142 S. W. xiii), requiring brief statements of
the proceedings in the record, sufficient to ex-
plain and support propositions to be subjoined
thereto, where error is assigned in overruling
a special exception to the petition, the excep-
tion itself should be copied into the brief, and
reference made to the record where it may be
found.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

5. APPEAL AND ERROR (§ 742*) — BRIEFS —
STATEMENT ACCOMPANYING ASSIGNMENT OF
ERROR.

A statement under an assignment of er-
ror, referring merely to the bill of exceptions, is
insufficient; it being no part of the duties of
the appellate court to study the bill of excep-
tions to ascertain whether there is any merit
in the assignment.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

6. APPEAL AND ERROR (§ 748*)—BRIEFS—RE-
VIEW NOTWITHSTANDING DISREGARD OF
COURT'S RULES.

Where appellant's brief presents new and
important questions, not heretofore considered
by the court, assignments based on such points,
and others concerning which there might rea-
sonably be a doubt as to the correctness of
the action of the trial judge, may be reviewed,
notwithstanding the failure of appellant's brief
in some particulars to comply with the rules
of court.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 3058–3064; Dec. Dig. §
748.*]

7. GUARANTY (§ 34*)—NATURE OF LIABILITY—
PRIMARY LIABILITY.

Where a person executed a written guar-
anty on an order of goods before they were
shipped, and subsequently, before delivery, wir-
ed a guaranty of the account, regardless of an
old account of the buyer, on the seller's refus-
al to deliver, unless payment was made or
guaranteed, he became liable primarily, and
not merely as guarantor.

[Ed. Note.—For other cases, see Guaranty,
Cent. Dig. § 36; Dec. Dig. § 34.*]

8. ACCOUNT, ACTION ON (§ 7*)—ACTION ON
OPEN ACCOUNT.

Under Sayles' Ann. Civ. St. 1897, art.
2323, providing that in actions on open ac-
counts an affidavit of its correctness is prima
facie evidence thereof, unless the party re-
sisting the claim files a written denial of its
correctness under oath, where a person guar-
anteed the payment of an account in such man-
ner as to become primarily liable, such affidav-
it was sufficient to establish the account as
against him, whether or not the buyer was
made a party to the suit.

[Ed. Note.—For other cases, see Account,
Action on, Cent. Dig. §§ 13–17; Dec. Dig. § 7.*]

9. TELEGRAPHS AND TELEPHONES (§ 39*)—
ERRORS IN TRANSMITTING MESSAGE.

Where a person telegraphs a guaranty of
payment for goods purchased, the telegraph
company is the sender's agent; and the sender
is bound according to the terms of the message
as transmitted, received, and delivered to the
addressee, and not as delivered to the tele-
graph company.

[Ed. Note.—For other cases, see Telegraphs
and Telephones, Cent. Dig. §§ 30, 34; Dec.
Dig. § 39.*]

10. PLEADING (§ 291*)—VERIFICATION—PROOF
OF CONTENTS OF TELEGRAMS.

Where a petition alleges the execution by
defendant of a guaranty, and defendant does
not deny its execution by a plea of non est
factum, under Sayles' Ann. Civ. St. 1897, art.
2318, a telegraphic message, claimed to con-
stitute the guaranty, may be proved by the
copy received by the addressee, although en-
tirely in typewriting.

[Ed. Note.—For other cases, see Pleading,
Cent. Dig. §§ 864–879; Dec. Dig. § 291.*]

11. APPEAL AND ERROR (§ 721*) — ASSIGN-
MENTS OF ERROR—JOINT OR SEPARATE AS-
SIGNMENTS.

An assignment that the court erred in sus-
taining the special exception to the answer,
"subdivided into (a), (b), (c), and (d)," is
multifarious.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2985–2989; Dec. Dig. §
721.*]

12. APPEAL AND ERROR (§ 984*)—COSTS (§
125*)—SECURITY—DISCRETION OF COURT.

It is within the discretion of the trial
court to accept a deposit by plaintiff, in lieu

of a cost bond, to cover the costs in the trial court; and, where injury has not resulted to defendant, his action in this respect will not be disturbed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3815, 3881–3888; Dec. Dig. § 984;* Costs, Cent. Dig. §§ 491, 492; Dec. Dig. § 125.*]

13. ACCOUNT, ACTION ON (§ 7*)—ACTION ON OPEN ACCOUNT—AFFIDAVIT.

The fact that an affidavit to the correctness of an open account was made more than four months before suit was brought does not prevent it constituting prima facie evidence, as provided in Sayles' Ann. Civ. St. 1897, art. 2323; payments subsequent to its date being matters of defense.

[Ed. Note.—For other cases, see Account, Action on, Cent. Dig. §§ 13–17; Dec. Dig. § 7.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

Action by the Levis-Zuloski Mercantile Company against W. E. Hulme and others. From a judgment for plaintiff and against defendant J. M. Clayton, said defendant appeals. Affirmed.

C. A. Wright, of Amarillo, for appellant. Gustavus & Jackson, of Amarillo, for appellees.

HALL, J. Appellee filed this suit against W. E. Hulme and wife, Bertha Hulme, and J. M. Clayton to cover the amount of an open account for goods sold and delivered them, and alleged that the defendant J. M. Clayton agreed to pay for and guaranteed in writing the full payment of the amount. Before the trial, appellee took a nonsuit as to W. E. Hulme and wife, and the cause proceeded to judgment before the court, without a jury, against J. M. Clayton alone.

The first assignment of error challenges the sufficiency of the account, complaining that it is not properly itemized, does not fully give the dates of the purchases of the several items, and is not sufficiently specific in the description of the merchandise set out therein. The questions were raised by exceptions to the pleading and objections to the evidence. The account appears to be one made up entirely of items for use and sale in a millinery establishment, and the technical terms of the millinery business had evidently been used in making it out. Some of the items complained of appear as follows:

| 412 | $1/_{12}$ | Fancy Feathers | 9 00 | 75 |
| 438 | $1/_{12}$ | | 12 00 | 1 00 |

[1] Appellant complains that no ditto was used to show whether said "1.00" charged to said Hulme was for fancy feathers or not, or what kind of fancy feathers, if any at all. We must bear in mind that this is a transaction between seller and purchaser, dealing in a special line of merchandise, and who must be taken to understand the ordinary and usual methods of their business, and to be reasonably familiar with the technical terms used by those engaged in it, as well as general, commercial usage in making out accounts. The law requires that an account must show the items charged therein with reasonable certainty; that is, it should show the nature of the items, the amount thereof, and the date. 1 Stand. Proc. 223. In other words, the items need not be stated with such a degree of particularity as to be readily intelligible to persons not familiar with the business. When measured by the rule above announced, we think the account is sufficient to make clear to parties engaged in the millinery business exactly what was bought, the date, and the amount due.

[2] We do not agree that, where "fancy feathers" are charged, it is necessary in charging subsequent fancy feathers to ditto the two words, especially where the stock number appears upon the account, and doubtless also appears upon the articles delivered.

[3] It is further contended in the second assignment of error, because the affidavit under article 2323, Sayles' Civil Statutes, is dated July 29, 1910, and because the date at the top of the first page of the account is September 27, 1910, that the affidavit precedes the date of the account nearly two months, and was therefore sworn to before the account sued upon was made out. There is no merit in this contention, since the recapitulation of the itemized account, which is made a part of the pleading, shows that the date at the head of the itemized account should be September 27, 1909, instead of September 27, 1910, and is merely a clerical error. The entire account is made up, as clearly appears from its face, of four separate and distinct sales or orders and two credits, and for all practical purposes is sufficient under the statute.

[4] The third assignment of error is that the court erred in overruling the plaintiff's fourth special exception to appellee's petition and attached copy of account. The exception itself is not copied in the brief, and no reference is made to the record where it may be found. In this connection, we call counsel's attention to the following rules: "Statements in a brief are required to expedite and lessen the labors of a court. To each proposition there should be subjoined a brief statement in substance of such proceedings or parts thereof contained in the record as will be necessary and sufficient to explain and support the proposition with a reference to the pages of the record." Rule 31 of Courts of Civil Appeals (142 S. W. xiii); Gallagher & Co. v. Goldfrank, 75 Tex. 562, 12 S. W. 964; I. & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902; Covington v. Sloan, 124 S. W. 690; Weil v. Martinez, 57 Tex. Civ. App. 440, 124 S. W. 116; Sievert v. Underwood, 124 S. W. 721.

[5] In Bynum v. Hobbs, 56 Tex. Civ. App. 557, 121 S. W. 900, it is said: "The statement made in support of the propositions re-

ferring the court to the entire statement of facts is insufficient, and could not be considered." And a further rule applicable and pertinent to appellant's brief and supplemental brief herein is: "Where the statement under an assignment of error refers merely to defendant's bill of exceptions, it is insufficient. It is not a part of the duties of the appellate court to' study the bill of exceptions to ascertain whether there is any possible force or merit in the assignment based upon it." San Antonio, etc., Ry. Co. v. Spencer, 55 Tex. Civ. App. 456, 119 S. W. 716; Taylor v. Davidson, 120 S. W. 1018. "The rules require a statement from the transcript and reference to the proper page in support of each proposition. A reference to the transcript merely is not sufficient, and propositions thus submitted will not be considered. The court cannot undertake to search the records for the purpose of supplying defects in the briefs." Kirby Lumber Company v. Chambers, 41 Tex. Civ. App. 632, 95 S. W. 607, writ of error denied by Supreme Court 101 Tex. 645. "A mere naked reference to a pleading as a whole, with the pages of the record where it is to be found, is clearly not sufficient in assigning error to the ruling of the court in passing upon special exceptions to particular allegations in such pleading. The statement as to such allegations may be brief, but there must be some statement of their substance. A statement consisting of, 'See plaintiff's first amended original petition (Tr. pp. 2–10),' is not the statement contemplated by the rule." Broussard v. South Texas Rice Company, 120 S. W. 587; Rusher v. Dallas, 83 Tex. 151, 18 S. W. 333. "Assignments of error based upon the ruling of the court in admitting or rejecting testimony, referring to certain bills of exception by number for appellant's reasons for claiming that the court erred, are insufficient, where appellant's brief nowhere gives the reasons for the assertions that the court committed error in the rulings referred to, and, in order to ascertain why he charges the error in these matters, it is necessary to examine the bills of exception in the record, which the rules of the court have designed to relieve the court from, except where counsel for the parties differ as to what appears therein." Robertson v. Coates, 1 Tex. Civ. App. 664, 20 S. W. 875, writ of error denied by Supreme Court 93 Tex. 694.

[6] We have briefly quoted from the authorities, above cited, for the purpose of calling to the attention of counsel, not only in this case, but in others, some of the fundamental rules of appellate court practice. Appellant's brief disregards in some particulars the above rules; but, since the brief earnestly presents some new and important questions, not heretofore considered by our courts, we have decided to consider such of the assignments as are based upon such points, and others concerning which there might reasonably be a doubt as to the correctness of the action of the trial judge, and this, notwithstanding the fact that appellee is strenuously objecting to the consideration thereof.

[7, 8] We deem it a sufficient disposition of the contention made under the third assignment to state that, J. M. Clayton having guaranteed in writing the purchases made by Mrs. Bertha Hulme, the written guaranty appearing upon the order for the goods, and before the goods were shipped, renders him more than a mere guarantor and primarily liable for the amount thereof; and the affidavit made under the statute was sufficient to establish the claim as against him, whether or not Mrs. Hulme and her husband were parties to the suit. This guaranty is dated 9/13/09. On March 16, 1910, appellant, Clayton, wired appellee mercantile company, as follows: "I will guarantee Mrs. Bertha Hulme's spring account, regardless of old account. Release goods at once. Letter will follow." And it appears that this telegram was sent because appellee refused to deliver the goods, which had been shipped to Mrs. Hulme, without payment of her previous account and the guaranty by some one of the payment of the goods referred to in the telegram. No stronger case of liability could be made, and all of appellant's assignments upon that issue are without merit.

[9] By his seventh assignment of error, appellant, Clayton, insists that the mere sending of a telegram, never having been put in writing by the party alleged to have sent it, guaranteeing the payment of the debt of another, is not such an undertaking in writing as is contemplated by the statute of frauds; and it is further contended in the brief that the introduction of the original telegram delivered to appellee at St. Louis by the receiving operator was not competent and sufficient proof of the fact of the guaranty. These are questions concerning which there is a diversity of opinion. In the case of Abernathy v. Hewlett, 2 White & Wilson, 709, it was held that a telegraphic message received was not admissible, upon the ground that it was secondary evidence. The court holds that the original message, as written by the sender, was the best evidence, and until its nonproduction was accounted for no other could be received. The message under consideration in the case was a false telegram, alleged to have been sent by a cotton buyer to his employers, a cotton firm, which resulted in damages to them, and this telegram was pleaded as a defense to an action brought by the cotton buyer to recover upon his contract of hiring.

[10] The weight of authority seems to be upon the side that the telegraph company, in cases of this kind, is the agent of the sender of the message; and this fact will bind the sender, not according to the terms of the message as delivered to the telegraph company, but in accordance with the language

of that transmitted, received, and delivered to the addressee. The allegations of plaintiff's petition are sufficient to charge that the two written guaranties which form the basis of appellee's right of action against appellant, Clayton, were executed by him; and, in the absence of a plea of non est factum (filed under article 2318 of Sayles' Civil Statutes), the copy of the telegram, even though it is all in typewriting, and is the one delivered to appellee by the telegraph company in St. Louis, was admissible. As between appellant and appellee, in so far as their rights are affected, it is the original message, executed by his agent and his authority. Its execution and transmission by appellant having been sufficiently charged in the pleadings, and its language set out in hæc verba in the petition, in our opinion, rendered it admissible without any further proof, in the absence of a verified plea under said article of the statute. Jones on Telegraph and Telephone Companies, §§ 738–740.

[11] The ninth assignment of error is: "The court erred in sustaining appellee's special exception, subdivided into (a), (b), (c), and (d), to appellant's amended answer." This assignment is multifarious. There is no reference to the record, as required by the rule; but by going through the record we have ascertained that appellant, Clayton, set up as a defense that, being a guarantor for an insolvent debtor, and having denied under oath ever having received any of the goods charged in the account, by reason of which facts, not knowing whether the account was true or incorrect, he asked that appellee be required to make strict proof of its account. All of this portion of the answer was stricken upon exceptions. We think there was no error in sustaining the exceptions. Clayton was primarily liable, and the proper method of proving the amount due upon the account which had been guaranteed by him was to prove the correctness of the account as against Mrs. Hulme, and we hold that this could be done under article 2323, Sayles' Civil Statutes; and that appellee was not required to prove the sale, delivery, and amount due by the common-law method, nor produce any higher degree of proof than the sworn account.

[12] The tenth assignment complains of the action of the trial judge in refusing to require appellee to make a cost bond. The record shows that, while no cost bond was made, the sum of $11.50, in lieu thereof, was deposited with the clerk, who accepted it as sufficient to cover the costs of the trial in the county court. This matter is within the sound discretion of the trial judge; and, since no injury is shown to have resulted to appellant, we are not called upon to revise his action.

[13] Appellant further insists that because the affidavit to the account in this case was made July 29, 1910, and suit was not brought until December 5, 1910, more than four months thereafter, that the affidavit was not sufficient to prove the correctness of the account; but we think there is nothing in this contention. The affidavit as made is sufficient to establish that the account is just, true, and that all just and lawful offsets, payments, and credits known to affiant at that time have been made. If any payments have been made and any credits should be properly entered upon the account since the making of the affidavit, not shown thereon, it is a matter of substantive defense. The affidavit, being true when made, is presumed to be true at the time of the suit, and at the time of the trial, unless shown to be otherwise.

Finding no reversible error in the record, the judgment of the lower court is affirmed.