## SMALLEY v. VINTON et al.

(Court of Civil Appeals of Texas. San Antonio.
March 11, 1914.)

ALTERATION OF INSTRUMENTS (§ 20*)—NOTES—
STRIKING SPECIAL INDORSEMENT.

Since a payee who makes a special indorsement of a note, and afterwards becomes its owner, may strike out his own or subsequent indorsements, and bring suit thereon in his own name, his erasure of his own indorsement is not such an alteration as to release the maker.

[Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig. §§ 158–189; Dec. Dig. § 20.*]

Appeal from Calhoun County Court; F. M. Dudgeon, Judge.

Action by Henry Smalley against Wm. A. Vinton and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Elmer Yates and Lewis Wood, both of Port Lavaca, for appellant.

MOURSUND, J. Appellant sued appellees upon three promissory notes for $111 each, dated April 14, 1911, executed by appellees to appellant; also for foreclosure of a chattel mortgage lien upon an automobile, given to secure the payment of said notes. The petition contained the allegation that plaintiff was the legal and equitable owner and holder of the notes, but that the same had at one time been indorsed by plaintiff to Nora Culvert, his daughter, for the purpose of having her collect said notes as agent for plaintiff; that thereafter the notes were returned to plaintiff by his daughter, and plaintiff erased the indorsement from the back of each of said notes. Defendants admitted the execution of the notes, but denied that plaintiff was the owner thereof, and alleged that Nora Culvert was the owner thereof, and that she had notified defendants not to pay the same to plaintiff; that Nora Culvert had never returned the notes to plaintiff, but plaintiff had secured possession thereof by means of fraudulent devices, and had erased the indorsement without her authority; that Nora Culvert had granted defendants an extension of said notes for a valuable consideration. Defendants prayed that Nora Culvert be made a party to the suit. Various exceptions were filed; but, as no questions are raised concerning the rulings thereon, it will not be necessary to state the same. The trial before the court, without a jury, resulted in a judgment for defendants.

When plaintiff offered the notes in evidence, defendants objected on the ground that the same had been materially altered by erasing the indorsements to Nora Culvert, which objection was sustained by the court; and such ruling is assigned as error. The court, in his findings of fact, states that plaintiff regained possession of the notes and obliterated his indorsements to Nora Culvert by means of some instrument or acid, and concluded that the note was thereby materially altered, in that it changed the ownership of the notes, and therefore they were not admissible in evidence. The court apparently took the view that, even if plaintiff was the real owner of the notes, his erasure of his indorsement was such an alteration as would release the makers. It does not appear what the testimony was with regard to the ownership of the notes other than that plaintiff regained possession thereof, but, from the statements in the bill of exceptions and the court's findings of fact, we infer that plaintiff testified to being the owner of the notes, and it does not appear that Nora Culvert testified at all; in fact an application for a continuance was made on the ground that defendants wanted her testimony. It is well settled that, when the payee of a note makes a special indorsement of it, and afterwards becomes the owner thereof, he has the right to strike out his own or other subsequent indorsements, and bring suit in his own name. Gray v. Altman, 149 S. W. 760; Bynum v. Hobbs, 56 Tex. Civ. App. 557, 121 S. W. 900; Collins v. Bank, 75 Tex. 254, 11 S. W. 1053; Texas L. & C. Co. v. Carroll, 63 Tex. 52; Tutt v. Thornton, 57 Tex. 35; Dan. on Neg. Inst. § 1198.

"The payee's possession of a bill or note is prima facie evidence of title in him, notwithstanding his own indorsement is erased, and even it has been held, notwithstanding his own special indorsement or indorsement in blank, uncanceled. So he may strike out his own special indorsement and all succeeding indorsements. The holder may strike out a special indorsement by himself without showing that it was made for collection, and (as in the case of his blank indorsement) without making any retransfer to himself." Randolph on Com. Paper, § 717; Hays v. Cage, 2 Tex. 501; Garrett v. Findlater, 21 Tex. Civ. App. 635, 53 S. W. 839; Swenson v. Heidenheimer, 52 S. W. 989; Hilliard v. White, 31 S. W. 553.

It is apparent from the authorities cited that the court erred in excluding the notes on the ground that they had been altered.

The judgment is reversed, and the cause remanded.