## GILLILAND v. PENICK-HUGHES CO.
### No. 3409.

Court of Civil Appeals of Texas. Amarillo.
Sept. 24, 1930.

Rehearing Denied Oct. 22, 1930.

534

Marshall & Perkins, of Quanah, for appellant.

Coombes & Andrews, of Stamford, for appellee.

### JACKSON, J.

This suit was instituted in the district court of Hardeman county, Tex., by the plaintiff, Penick-Hughes 'Company, a corporation, against the defendants W. W. Gilliland and R. R. Gilliland, on an itemized verified account, to recover a balance in the sum of $1,237.76, with interest and costs of suit.

The plaintiff alleges that on and prior to July 19, 1926, the defendant W. W. Gilliland was engaged in the heating and plumbing business in Quanah, Tex. That on the dates shown in the itemized account attached to its petition at the special instance and request of W. W. Gilliland, it, in the regular course of business, sold and delivered to him the goods, wares, and merchandise shown in said account.

That on or about July 19, 1926, the defendant R. R. Gilliland, in writing, advised the duly authorized agent of plaintiff that he was financially responsible for any and all legitimate purchases and expenses incurred in connection with such plumbing and heating business, and that, whenever he withdrew his financial backing from W. W. Gilliland, said agent would be so advised. That thereafter several letters passed between the plaintiff and the defendant R. R. Gilliland relative to his continued financial responsibility for the purchases from plaintiff by W. W. Gilliland of goods, wares, and merchandise for his plumbing and heating shop. That in such letters the defendant R. R. Gilliland repeatedly acknowledged his liability for such purchases and at no time advised the plaintiff or its authorized agent that he had withdrawn his financial backing from his brother, W. W. Gilliland.

That the plaintiff sold to W. W. Gilliland the goods, wares, and merchandise shown in said itemized account on the strength of and relying upon the written statements of the defendant R. R. Gilliland, but for which such sales would not have been made. That each and every item disclosed in the verified account were legitimate purchases and expenses and were sold and delivered at their reasonable value, and that by reason of the sale and delivery of the merchandise to W. W. Gilliland, and the written statements made by R. R. Gilliland guaranteeing in writing the payment of said sums of money, they became liable to pay the plaintiff the balance of said itemized account on demand, but that said defendants, though often requested, have failed and refused to pay said balance or any part thereof.

The defendant W. W. Gilliland answered by general demurrer, special exceptions, and general denial.

The defendant R. R. Gilliland answered by general demurrer, several special exceptions, general denial, and specially denied that he guaranteed the payment of the account sued on or any account for merchandise which might be sold to said plumbing business after July 1, 1927, and that any part of the account which he may have guaranteed had been fully paid. He also denied that the plaintiff sold any of the goods in the itemized account sued on after July 1, 1927, relying on any guaranty or promise that he had made. He also pleaded that at the dates of the sales shown in the itemized account the plaintiff had actual knowledge that he had withdrawn his financial backing from said plumbing business and if the plaintiff, for any reason, was relying on his alleged guaranty after July 1, 1927, it owed him the duty to advise and inform him of the condition of said account and any defaults or failures to pay same as it matured; all of which the plaintiff negligently failed and refused to do.

Neither defendant filed a verified denial of the itemized account sued on, or any item therein.

The case was submitted to the court without the intervention of a jury and judgment rendered for plaintiff against W. W. Gilliland and R. R. Gilliland, jointly and severally, for the sum of $1,087.87, with interest thereon at the rate of 6 per cent. per annum and costs of suit.

No appeal was taken from the judgment against W. W. Gilliland, but R. R. Gilliland alone prosecutes this appeal from the judgment rendered against him.

The appellant assigns as error the action of the trial court in rendering judgment against him, because the letters written by him to appellee and its agent do not constitute a promise in writing to guarantee the

debts incurred by W. W. Gilliland in his plumbing and heating business, and in no event do such letters make appellant responsible for the purchases made after July 1, 1927.

The record discloses that in July, 1926, the appellant wrote the agent of appellee as follows: "Answering your letter of the 16th, will say that I am financially responsible for any and all legitimate purchases and expenses incurred by W. W. Gilliland in connection with his plumbing and heating shop only. Whenever I withdraw my financial backing from this concern, you will be advised."

On January 7, 1927, appellee wrote appellant in substance that it opened its account in July, 1926, with W. W. Gilliland on the understanding that appellant was interested in the business and responsible for the obligations, but it had been reported to appellee that appellant was not interested in the business and in no way responsible for the purchases and asked advice relative to the matter.

· In reply, on January 10th, the appellant wrote, advising appellee by letter that he was not interested as owner in the business and had never been, but had backed it in a financial way, stating: "I am still interested to that extent in the concern and will probably continue as guarantor for a few months longer, at which time I believe they will be able to make a financial statement which will entitle them to credit rating sufficient to carry on the business."

On the 12th of January, thereafter, appellee wrote appellant: "In reply to your letter of the 10th, in which you state that you are guarantor of the W. W. Gilliland Plumbing Company account and will continue to be for a few months longer, will ask that in the event there is any change in this particular part of their business you advise us."

On May 14, 1927, the appellant wrote appellee's agent: "I am still responsible for the debts incurred in connection with the operation of my brother's plumbing business here in Quanah and will probably continue so until the first of July, at which time I feel sure his business will be in such shape as will warrant a sufficient line of credit without my indorsement or guaranty."

The court finds in effect, and the record discloses, that appellee, in opening the account with W. W. Gilliland, relied on the letter written by appellant to appellee's agent in 1926, and continued to extend credit to W. W. Gilliland on the subsequent letters of appellant. That W. W. Gilliland never made a financial statement to entitle him to sufficient credit to carry on his business without the guaranty of appellant. That the appellant never advised appellee or its agent that he had withdrawn his financial backing from the plumbing and heating business of

W. W. Gilliland until after the account had been closed.

█ In our opinion, the trial court did not commit error in construing these letters as a continuing guaranty by appellant to appellee for the purchase price of goods sold and delivered by it to W. W. Gilliland.

Appellant challenges as error the action of the trial court in admitting, over his objection, the itemized, verified account, notwithstanding he did not file an affidavit denying the justness of said account or any item therein, because he was sued as collateral guarantor and not as a principal debtor.

This contention is apparently decided against appellant in the case of Hulme et al. v. Levis-Zuloski Merc. Co. (Tex. Civ. App.) 149 S. W. 781. See, also, Scofield v. Lilienthal et al. (Tex. Civ. App.) 268 S. W. 1047.

█ However, it is unnecessary, as we view the record, to base our holding on these decisions. The itemized verified account introduced in evidence was signed and sworn to by M. D. Smith. Mr. M. D. Smith testified as a witness in the case and stated that he had identified the account against appellant and it was a statement of the account as shown on the books of appellee. On cross-examination by appellant, he testified: "I am not the bookkeeper, but this account was prepared by our bookkeeper and myself together. * * * The bookkeeper and I made this itemized statement from the books. That is the only thing I know about the books. We made up this statement long after the account was closed. I think this account is correct, but, of course, I could not swear that I saw every item of it shipped. * * * I swear to the account as being correct."

R. E. Penick, a witness for appellee testified: "The account is correct and just what it shows to be."

It is true that this testimony was brought out on cross-examination by appellant in his attack upon an item in the account, but in the absence of a verified denial by either party, or any testimony to raise any issue relative to the sale, delivery, or value of the goods, we think this testimony, independent of the verified account, was sufficient as against the appellant.

█ The appellant presents as error the action of the trial court in rendering judgment against him for the entire balance, because the testimony was insufficient to show that each item on the account was a legitimate purchase or expense incurred in connection with the business.

█ Inasmuch as neither the brother nor appellant challenged any item in the account by a verified denial, and there is no testimony in the record challenging the legitimacy of any item therein, we are not disposed to take judicial knowledge of what constitutes legiti-

mate purchases or expenses in a plumbing and heating business, nor to hold, as a matter of law, that any item of the verified account was not a legitimate purchase or expense.

Finding no reversible error presented by the record, the judgment of the trial court is affirmed.