### SUNDERMEYER et ux. v. LEVY et al.
### No. 10591.

Court of Civil Appeals of Texas. Galveston.

Dec. 22, 1937.

Rehearing Denied Jan. 13, 1938.

A. F. Sundermeyer, of Houston, for plaintiffs in error.

E. R. Campbell and Lawrence Sochat, both of Houston, for defendants in error.

GRAVES, Justice.

The record in this cause, which has been brought here upon writ of error, without a statement of facts, but containing findings of fact and conclusions of law of the trial court, uncontradictedly shows the following:

The defendants in error here were plaintiffs below, while the plaintiffs in error Sundermeyer were the defendants below, along with one Patillo, who accepted the trial court's judgment therein, making no effort to appeal; further, that in the trial court "on December 11, 1935, defendant Sundermeyer and wife filed their motion for new trial, and on December 31, 1935, they filed their amended motion for new trial.

"On February 1, 1936, the plaintiffs, acting through their attorney of record, and defendants Sundermeyer and wife, acting through Sundermeyer, executed and delivered a written agreement, providing that said motion for new trial should be abandoned, and that the property should be sold under order of sale on February 5, 1936, and plaintiffs should bid in said property for as small a price as possible, and no writ of possession should be issued before May 1, 1936, and that Sundermeyer and wife would satisfy said judgment, either in cash or bonds of the Home Owners Loan Corporation, at any time before May 1, 1936, and plaintiffs would convey the property to Sundermeyer and wife by special warranty deed. That agreement was filed with the clerk on February 3, 1936, and on the same day there was entered on the Court's Motion Docket a memorandum showing the abandonment of said defendants' amended motion for new trial, in accordance with the agreement referred to.

"On January 7, 1936, an execution and order of sale was issued and delivered to the sheriff, which was levied upon the property and notice given to all defendants, and said property was sold on February 4, 1936, to plaintiffs for One Hundred ($100.00) Dollars."

This quoted statement from the brief of defendants in error is borne out by the findings of fact and conclusions of law filed by the learned trial court in substantiation of a judgment it rendered giving the plaintiffs there a recovery against Patillo on a vendor's lien note against the property involved, together with a foreclosure of such lien upon the property against him and the Sundermeyers also.

█ In this situation the Sundermeyers, having been bound by their written agreement to abandon their motion for a new trial and accept the trial court's judgment

against them, are not entitled to prosecute an appeal to this court. The writ of error so sued out, notwithstanding the uncontroverted proceedings thus had in the trial court, will be dismissed.

■ If, however, it could be said that the appeal so undertaken to be presented here should be entertained, it could not prevail for the reason that all presumptions are in favor of the correctness of the trial court's judgment in the absence of a statement of facts, since it must be assumed on appeal that the evidence was sufficient to support it. 6 Tex.Jur. p. 983, § 298; 3 R. C.L. p. 980, § 190; R.S. art. 568; Lewis v. Farmers' & Mechanics' Nat. Bank, Tex. Civ.App., 204 S.W. 888; Gray v. Altman, Tex.Civ.App., 149 S.W. 760, 761; Bynum v. Hobbs, 56 Tex.Civ.App. 557, 121 S.W. 900, 902; Holland v. Wood, Tex.Civ.App., 209 S.W. 774.

It will be so ordered.

Writ of error dismissed, PLEASANTS, C. J., absent.