Fort Worth & Denver City Railway Company v.
J. Q. Morrison et al.

No. 892. Decided April 30, 1900.

**Damages—Loss of Annual Pecuniary Benefit—Sum of Payments—Present Value.**

In an action by parents for the death of a son, it was improper to charge that the measure of damages would be the amount the deceased would have contributed to them had he not been killed, and to refuse a requested instruction that it should be the reasonable value of such contributions,—it being a question for the jury whether the present value of such periodical future contributions was their sum or a less amount. (Pp. 529, 530.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Wichita County.

*Stanley, Spoonts & Thompson*, for appellants.

*Geo. E. Miller, Edgar Scurry, J. H. Barwise, Jr.*, and *Theodore Mack*, for appellees, cited: Railway v. Putnam, 118 U. S., 554; Railway v. Barron, 5 Wall., 105; Railway v. Needham, 52 Fed. Rep., 371; Railway v.

Kindred, 57 Texas, 494; Railway v. Cutter, 19 Kan., 91; Mayor v. Mc-Lain, 6 So. Rep., 774; Railway v. Sciacca, 16 S. W. Rep., 31; Railway v. Power, 54 S. W. Rep., 629; Railway v. Hughes, 54 S. W. Rep., 264; Railway v. Hines, 40 S. W. Rep., 153; Railway v. Burnes, 2 Posey, U. C., 241; Railway v. McHeys, 35 Leg. Int., 62; Railway v. Noell's Administrator, 32 Grat., 401; Telegraph Co. v. Varnau, 15 Atl. Rep., 624; "The Oceanic," 61 Fed. Rep., 338; Railway v. Loeffler, 51 S. W. Rep., 536; Railway v. Lee, 70 Texas, 496; Railway v. Wilder, 92 Fed. Rep., 953; McKeever v. St. Ry. Co., 59 Cal., 294; Lowe v. Railway, 89 Iowa, 420; Kelley v. Railway, 48 Fed. Rep., 663; McGowan v. St. Louis Ore Co., 109 Mo., 533; Maxwell v. Railway, 40 Atl. Rep., 945.

WILLIAMS, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals of the Second District.

"This suit was filed by the appellees, father and mother of J. Q. Morrison, Jr., deceased, to recover damages from appellant railway company, occasioned by the death of their 20-year-old son, who was an employe of appellant in its offices at Wichita Falls as a stenographer, receiving $30 per month, $20 of which he gave his parents monthly toward their support, they being poor and 64 years old and in bad health, and the evidence also showed other benefits of a pecuniary value.

"On the trial of the cause, special issues were submitted to the jury, and among them the following: 'What would be the reasonable amount of pecuniary aid (if any) that the plaintiffs would have received from the deceased had he not been killed? That is to say, in your opinion, from the evidence, what amount, if any, in the way of pecuniary aid the said James Q. Morrison, Jr., would have contributed to his parents if he had not been killed?' The answer of the jury to this was $4500, and judgment was rendered for $4500. No other issue on the measure of damages was submitted to the jury, and they found no other damages.

"The appellant requested the court to submit, in connection with the above, the further issue: 'If you have found that the plaintiff would have received pecuniary aid from deceased, what do you find to be the reasonable compensation or value of the same?' This issue the court refused to submit, and the refusal thereof is assigned as error here.

"On the original hearing, we held that this issue should have been submitted, because we were of opinion that the present value of such pecuniary aid and other benefits as the appellees might reasonably expect to receive from their son during their lives was the true measure of damages; but upon rehearing we are cited to two decisions of the Court of Civil Appeals of the Fourth District which seem to be rather in conflict with our views, though it does not appear that the very question here involved was considered by that honorable court in those cases. Railway v. Power, 54 S. W. Rep., 629, and Railway v. Hughes, Id., 264.

"We therefore deem it advisable to certify to your honorable court.

the question whether the measure of damages as submitted by the court to the jury was correct, or should the additional requested issue have been also submitted?

"For a fuller statement and explanation, we refer to the briefs of the respective parties herewith transmitted, as well as to our opinion herein."

The charge given required the jury only to find the amount of the pecuniary aid which the plaintiffs would have received from their son if he had not been killed, and assumed that such amount was fixed by law as the measure of damages. This took from the jury the right to consider the question whether or not a less sum paid now would compensate the plaintiffs for their loss of the aid which their son would have rendered, as he would probably have rendered it, during the whole of their lives.

The right of plaintiffs was to recover compensation for the loss sustained, and such loss was of the aid or benefits which their son would have bestowed upon them. They are therefore to be compensated for the value of these, but are not to receive them as they would have received them from him from time to time throughout their lives, but by a lump sum paid now. Whether or not a less sum than that to which the son's whole contributions would have amounted would compensate plaintiffs for the loss of such contributions as he would have made them, was a question which should not have been taken from the jury by a charge which assumed that the compensation must necessarily consist of a sum equal in amount to that of such contributions. The jury should have been left free to determine, under all the circumstances, the sum which would compensate plaintiffs for the loss of the benefits having a pecuniary value which the son would have rendered to his parents.

The charge given, without the submission of a further inquiry, was therefore insufficient and erroneous. The special instruction, though not so fully expressed as it might have been, sought to have the jury pass upon the question of compensation, which was the true one, and, with the general charge standing as it did, should have been given.

This is not, as contended by appellee, an application of the rule of annuities, sometimes insisted upon, nor of any mathematical rule for the ascertainment of damages. On the contrary, it leaves the determination of amount to the jury, acting upon all proper considerations, of which a possible difference in value between an amount paid in praesenti and the same amount paid in contributions made at intervals through a period of time, is one.

It has often been said that the measure of damages in this class of cases is "a sum equal to the pecuniary benefit the parent had a reasonable expectation of receiving from the child, had he not died." Railway v. Lee, 70 Texas, 503; City of Galveston v. Barbour, 62 Texas, 174.

In those cases, the court had no occasion to consider or discuss such

a question as that now before us. All of the authorities recognize the proposition that compensation is the fundamental measure, and with the idea of compensation in mind, the statement of the measure in the cases referred to is correct and means equality in compensation, not necessarily in amount, but in value.