SAN ANTONIO TRACTION COMPANY v. BETTIE WHITE.

No. 997. Decided April 4, 1901.

**Damages—Death—Sum of Future Contributions.**

In an action by a parent for death of a son it was error to instruct the jury to allow as damages whatever pecuniary aid plaintiff had a reasonable expectation of receiving from deceased after he came of age; the rule being such sum as would be a present compensation for such future contributions. (P. 469.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

*Houston Bros.* and *R. J. Boyle*, for plaintiff in error.—In action for death of son, the parents are entitled to recover only the present value of the pecuniary aid they might have received from their son, and not the sum total thereof. Railway v. Morrison, 56 S. W. Rep., 745, 931; City of Galveston v. Barbour, 62 Texas, 174; Railway v. Lee, 70 Texas, 503.

Where a charge is erroneous or misleading, it does not devolve upon the party injured to request its correction in another charge. It is only where the charge is incomplete but correct so far as it goes, that the defect must be sought to be corrected by asking a charge supplying the defects. Alexander v. Robertson, 86 Texas, 516; Chamblee v. Tarbox, 27 Texas, 146; Bergstroem v. State, 58 Texas, 94; Railway v. Kuehn, 31 S. W. Rep., 323; Baker v. Ashe, 80 Texas, 360; Scott v. Railway, 57 S. W. Rep., 801.

*C. A. Keller* and *Mason Williams*, for defendant in error.—The measure of damages submitted in the charge of the court was correct.

Railway v. Hughes, 54 S. W. Rep., 264; Railway v. Lee, 70 Texas, 503; City of Galveston v. Barbour, 62 Texas, 174.

The charge was not erroneous, and if appellant desired further instructions it should have requested the court to give the same.

WILLIAMS, ASSOCIATE JUSTICE.—The judgment from which this writ of error is prosecuted was recovered by defendant in error in the District Court and affirmed in the Court of Civil Appeals for damages sustained by her from the death of her minor son, William H. White, caused, as found by the jury, by the negligence of the street railway company of which plaintiff in error is successor. The only one of the assignments of error which we find it necessary to discuss is that which complains of the charge of the trial judge upon the measure of damages. The plaintiff sought to recover damages for the loss of the services of deceased during minority and also for the loss of benefits which would have been received by her from him after his majority.

The charge upon the measure of damages was as follows: "Should you find for the plaintiff under this charge, then plaintiff would be entitled to recover the pecuniary value of said Wm. H. White's services until he should arrive at the age of twenty-one years, less the cost and expense of his care, support, and maintenance during the remaining period of his minority. And if you believe that plaintiff had a reasonable expectation of receiving from said Wm. H. White, had he lived, considering his disposition and ability, contributions to her wants and necessities after he reached his majority, then plaintiff is entitled to recover whatever pecuniary aid she had a reasonable expectation of so receiving, if any. You are instructed that if you find for the plaintiff, you must not allow plaintiff anything for the bodily pain and suffering of the said Wm. H. White or the mental pain and suffering, if any, undergone by plaintiff by reason of the death of said Wm. H. White, and you must not consider the loss of society of said Wm. H. White to plaintiff, but consider alone the money value, if any, of said Wm. H. White, as hereinbefore instructed."

The instruction was erroneous in that it required the jury in effect to allow the amount of the pecuniary contributions which they might find the deceased, had he lived, would have made to his mother after becoming of age. The true measure of damages is compensation for the loss sustained by plaintiff from the death of her son, and what sum, allowed now, will give such compensation, is a question for the jury under all the circumstances of the case. The plaintiff lost the contributions which her son would have made to her, but it does not necessarily follow that nothing short of an amount equal to the sum of such contributions, if paid now, would be compensation. We had occasion to pass upon this question in the case of Railway v. Morrison, 93 Texas, 527, and a charge in substance the same as that under consideration was held to be erroneous. In that case a special instruction was requested to submit a correct rule, but the charge of the court was

held to be erroneous. As the error in this case was a positive one, it is assignable without the request of a special charge. The deceased was only 12 years old when killed, and the plaintiff, had her son lived, would have received none of the contributions for the loss of which she seeks compensation until after eight or nine years had passed, and this makes obvious the error of a charge requiring the jury to allow her in advance the sum which she would have received after such time. The charge in such cases should leave the jury free to allow compensation. It is urged that the instruction, "consider alone the money value of said Wm. H. White, as hereinbefore instructed," so explains and qualifies what preceded it as to remove the objection, but we do not think this is true. This part of the charge refers the jury to the preceding portion to ascertain what the court means by money value. What we have said has no reference to the first part of the charge as to the recovery of value of services during minority. Reversed and remanded.

*Reversed and remanded.*