Fort Worth & Rio Grande Railway Company v.
Mrs. M. L. Sivells et al.

Decided March 12, 1902.

**1.—Death—Damages—Charge—Aggregate of Expected Contributions.**

In an action for injuries by causing the death of the supporter of the family, it is error to direct the awarding of an amount, as damages, equal to the sum of the contributions plaintiffs would have received from deceased during his lifetime, had he not been killed.

**2.—Same—Correcting Erroneous Charge.**

Error in directing the assessment in damages for loss of expected future contributions from deceased of the aggregate of such sums was not cured by a general direction to assess such damages as would compensate plaintiffs for the loss sustained.

**3.—Erroneous Charge—Motion for New Trial.**

Error in the court's charge is not waived by failing to urge it as a ground for new trial.

**4.—Opinion Evidence.**

The question whether an ordinarily gentle horse "will stand when cars are bumping together right by his head" is not within the scope of expert evidence and the testimony should not be allowed.

Appeal from Brown. Tried below before Hon. John W. Goodwin.

Appellant's eighth assignment of error was as follows: The court erred in allowing the witness, M. C. Howard, to testify over defendant's objection, as shown by its bill of exception number 11.

The bill showed that plaintiffs' witness Howard, a drayman in Brownwood, was asked "whether or not an ordinary horse, that is, a horse that is regarded as ordinarily gentle, will stand when cars are bumping together right by his head." Defendant objected to this question as immaterial, incompetent, and irrelevant, which objection was overruled, and the defendant excepted. Witness was allowed to state that most of them will jump away from the cars, when they come together, or when the engine gets close to them.

*N. H. Lassiter, T. C. Wilkinson,* and *Robert Harrison,* for appellant.

*Jenkins & McCartney* and *Coffee & Scott,* for appellees.

KEY, Associate Justice.—This is a statutory action by the surviving wife and children of W. B. Sivells to recover damages on account of his death, alleged to have been caused by the negligence of appellant railway company. From a judgment in favor of the plaintiffs, the company has appealed and assigned numerous errors.

As to the measure of damages, the trial court gave the following instruction: "If you find for plaintiffs, you will award them such sum as you may, under the evidence, reasonably believe plaintiffs would have received from the assistance of W. B. Sivells, had he not been killed, and you may in estimating such damages consider, under the evidence before you, the age of W. B. Sivells at the time of his death, the time he might live, and other evidence tending to show what damage, if any, plaintiffs may have received by reason of the killing of W. B. Sivells. You will find for plaintiffs such damages under the instructions herein given you as you think will compensate them for the loss sustained by the killing of said Sivells."

This instruction is assigned as error, and the assignment must be sustained. Railway v. Carstens, 49 S. W. Rep., 2; Railway v. Loeffler, 51 S. W. Rep., 536; Railway v. Morrison, 56 S. W. Rep., 745. The first part of this charge specifically and distinctly directed the jury, if they found for the plaintiffs, to award them a sum of money equal to the aggregate of all the pecuniary benefits that the plaintiffs would have received from W. B. Sivells, if he had not been killed. In other words, the jury were told that if the defendant was liable for the death of Sivells, it must pay in advance a sum of money equal to all of the pecuniary benefits the plaintiffs would have obtained from Sivells in the future. A charge similar to this was condemned by our Supreme Court in Railway v. Morrison, supra. But it is contended on behalf of appellees that the last sentence in the charge under consideration modifies and corrects the preceding sentence, and leaves the charge free from just ground of complaint. This position is untenable. The sentence referred to does not attempt to change, explain, or restrict the former; but, on the contrary, seems to refer the jury thereto for the correct rule as to the measure of damages, because it directs the jury to proceed "under the instructions herein given you." But if it could be held that the last sentence states the law correctly, then it would follow that it is in conflict with the sentence immediately preceding it; and as it does not attempt to withdraw or modify the objectionable sentence, it would leave the jury without any proper guide on the subject referred to, and would constitute reversible error. Railway v. Lehman, 3 Texas Ct. Rep., 866.

Counsel for appellees object to this court's considering the assignment of error addressed to the charge in question, because it was not complained of in appellant's motion for a new trial in the court below; the contention being that all questions, including questions of law, not presented in a motion for new trial, are to be considered as waived on

appeal. As to questions of law, this contention is untenable. Telegraph Co. v. Mitchell, 89 Texas, 441.

We also sustain the eighth assignment of error. The evidence given by the witness Howard, and complained of in that assignment, does not fall within the scope of expert testimony, and should have been excluded.

We also suggest upon another trial the charge to the jury be so framed as to submit more distinctly and clearly the question of proper care and contributory negligence on the part of the deceased, in *the manner* of attempting to stop his team.

On all the other assignments presenting questions of law we rule against appellant. We express no opinion upon the merits of the case as developed by the testimony.

For the errors pointed out, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*