SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY v. L. S. SPENCER.

Decided April 28, 1909.

**1.—Appeal—Defective Brief.**

It is no part of the duty of a Court of Civil Appeals to study a bill of exception which covers five pages of the record to ascertain if there was any possible force or merit in an assignment of error based thereon. A "statement," under an assignment of error, which consists of a mere reference to a bill of exception in the record, is insufficient.

**2.—Personal Injury—Examination of Plaintiff by Physician.**

A trial court would not be required to appoint a board of physicians to examine the person of a plaintiff in a suit for damages resulting from personal injuries, in the absence of an unconditional expression of willingness by the plaintiff to submit to such examination. An expression of willingness to be examined if his attorney so advises or is willing, is not sufficient in the absence of evidence that the attorney was willing.

**3.—Same—Derailment—Negligence—Evidence.**

In a suit for damages for personal injuries caused by the derailment of a railroad train, the main issue being as to whether defendant was negligent

in allowing its track to get into such condition as to cause the derailment and consequent injuries to plaintiff, it was permissible to prove that the track was in bad condition along that section of the road, at and in the vicinity of the wreck.

### 4.—Same—Charge—Future Earnings.

On the measure of damages for personal injuries the court charged the jury as follows: "If you find for the plaintiff and believe from the evidence that he was injured substantially as alleged in his petition, you will allow the plaintiff such damages as you believe from the evidence will fairly compensate him for the injuries sustained, if any; and in estimating the damages, if any, you may take into consideration the mental and physical pain, if any, suffered by reason of his injury, if any; and if you believe from the evidence that his injuries, if any, are permanent and will diminish his capacity to labor and earn money in the future, then you may take into consideration such diminished capacity, if any, to labor and earn money in the future." Held, the charge was correct and it was not incumbent on the court to further charge the jury that the damage for diminished capacity to labor "is such a sum as if paid now will compensate him for the amount he will lose by reason of his diminished capacity to labor and earn money in the future."

### 5.—Damages—Excessive Verdict—Practice.

Although a verdict may seem excessive, an appellate court has no authority to reduce the amount of the same in the absence of anything to show prejudice or passion on the part of the jury. Evidence considered and held sufficient to support a verdict for $20,000 for personal injuries.

Appeal from the District Court of Bexar County. Tried below before Hon. A. W. Seeligson.

*Houston, Boyle, Storey & Davis* for appellant.

*John Sehorn,* for appellee.

FLY, Associate Justice.—This is a suit for damages, instituted by appellee, alleged to have accrued by reason of the negligence of appellant in allowing its track to become so defective that a portion of the train on which appellee was engaged as a brakeman was derailed, the shock of the derailment causing him to be thrown from his position in the cupola of the caboose to the floor thereof and seriously and permanently injured. The cause was tried by jury and resulted in a verdict and judgment for appellee in the sum of $20,000.

The evidence justifies a finding that appellee was seriously and permanently injured in the manner described by appellee in his petition through the negligence of appellant. Further conclusions arising from the facts will be used herein in connection with the consideration of some of the assignments of error.

The first assignment of error is that "the trial court erred in overruling defendant's general demurrer to first amended petition." The proposition thereunder is general and abstract, and there is no statement. If the assignment were properly presented there is no merit in it. The petition states a good cause of action.

The second assignment of error complains of the refusal of the court to appoint a board of physicians to examine appellee. The assignment is followed by a defective and inadequate statement of the matters upon which the assignment is based. It fails to state that

appellee agreed to the examination of his person, or the circumstances under which the examination was demanded. A mere reference to "defendant's bill of exception No. 1" is insufficient. The bill of exception covers five pages of the record, and it is not a part of the duties of the Appellate Court to study the bill to ascertain if there is any possible force or merit in an assignment based on it. We are of the opinion that if appellee had expressed a perfect, unconditional willingness to be examined by physicians appointed by the court, as is stated in the proposition, that the trial judge would have made the appointment and had the examination. An expression of willingness to be examined, if the attorney for the party advises or is willing, is not such an expression of willingness to submit to an examination as would justify the court in having the examination without the consent of the attorney. It is not claimed that the attorney for appellee ever agreed to have the examination, and it is stated by appellee in his brief that the bill of exception shows that counsel for appellee did not agree to have his client examined by a board of physicians appointed by the court, but was willing to have him examined by physicians agreed upon by the parties, but that no such agreement was reached.

The third assignment of error complains of the action of the court in admitting the "testimony of plaintiff L. S. Spencer, as set out in defendant's bill of exception No. 2." It appears from the statement that the witness testified that he had not talked with his counsel as to his answers to certain interrogatories before the answers were given. No matter how inadmissible the testimony may have been, it is not apparent how it could have influenced the jury or have injured appellant, as the depositions were not introduced in evidence.

The fourth assignment of error assails the admission in evidence of "testimony of G. H. Reynolds as set out in defendant's bill of exception No. 3." What the testimony was is not attempted to be set out in the brief, the only effort at a statement containing a question propounded to G. H. Reynolds by appellee. The assignment is not presented with a due regard for the rules governing such matters, but an inspection of the bill of exception shows that the answer to the question was favorable to appellant.

The fifth assignment of error complains of the admission of the testimony of J. M. Henigan. The witness testified that he lived at Olga, a station on appellant's road, and visited the place of the wreck on the morning after it occurred, and that the track was in bad condition and out of line at point of derailment and for a considerable distance on each side of it, and that he had noticed the same condition of the track on numerous occasions for months before the derailment. That portion of the evidence was objected to on the ground that the condition of the track at the time of the derailment alone should be testified about. However, that objection is not mentioned in the brief, and any objection to that portion of the testimony must be taken as abandoned by appellee. The objection that is presented in the brief is to another portion of the testimony and is on the ground that testimony as "to the condition of the track at or near the place of derailment has nothing to do with it, and the testimony is imma-

terial and irrelevant, and not pertinent to any issue in the case." There is no merit whatever in the objection. The main issue in the case was as to whether appellant was negligent in allowing its track to get into such a condition as to cause the derailment and consequent injuries of appellee, and it was clearly admissible to prove that the track was in bad condition all along that section of the road at and in the vicinity of the wreck. Similar evidence has been held admissible by this court in Railway v. Medlenka, 17 Texas Civ. App., 621, in which it was said: "Our opinion is that the evidence of the condition of the track at that point and immediately connected with it was proper to be considered on the issue of negligence of the company in keeping its road in condition." See also the case of Vicksburg & M. Railroad v. Putnam, 118 U. S., 545.

The sixth and seventh assignments of error state that the court erred in certain sections of its charge, and the only proposition thereunder is: "Said charges are sufficient proposition, and the attention of the court is respectfully called to them, with the eighth assignment of error, and the statement following said assignment." The eighth assignment refers to another portion of the charge and no connection exists between it and the sixth and seventh assignments. The latter present nothing for consideration.

The eighth assignment of error is overruled. The complaint as to the charge on the future earning capacity of appellee is without merit. The charge as to damages is as follows: "If you find for the plaintiff and believe from the evidence that he was injured substantially as alleged in his petition, you will allow the plaintiff such damages as you believe from the evidence will fairly compensate him for the injuries sustained, if any; and in estimating the damages, if any, you may take into consideration the mental and physical pain, if any, suffered by reason of his injury, if any, and if you believe from the evidence that his injuries, if any, are permanent and will diminish his capacity to labor and earn money in the future, then you may take into consideration such diminished capacity, if any, to labor and earn money in the future." The charge correctly presented the question of damages to the jury, and it was not incumbent on the court to instruct the jury that the damage for diminished capacity to labor "is such a sum as if paid now will compensate him for the amount he will lose by reason of his diminished capacity to labor and earn money in the future." The whole of the charge had reference to the present value of the damages, and it was not necessary to so state in regard to each item. The court confined the jury to compensation for the injuries inflicted, and compensation is the guide in assessing damages. (Merchants' Oil Co. v. Burns, 96 Texas, 573.)

The ninth assignment is "that the evidence in this case does not show that plaintiff's injuries, if any he sustained, resulted from or were caused by any act or acts of negligence on the part of this defendant for which it would be liable herein." In the proposition and statement the assignment of error is lost sight of and the facts are arrayed, arguments advanced and authorities cited to show that appellee was not injured at all. This indicates an abandonment of the assignment of error, but it may be stated, however, that the evidence

showed that the track was in bad condition at and near the place of the derailment, and that the latter occurred by reason of the defective condition of the track, which condition must have been known to appellant.

The tenth and eleventh assignments of error complain of excess in the verdict. The verdict is large, more so perhaps than this court would have given had it passed upon the facts originally, but it was a matter for the jury to determine, and in the absence of anything to show prejudice and passion upon the part of the jury, this court has no authority to reduce the amount. Appellee was 33 years of age when injured and was earning $125 a month. He was healthy and vigorous. He swore that he had not walked since shortly after he was hurt, and had lost the use of his legs, and had to some extent lost the sense of feeling in them. He also stated that he suffered with his heart, kidneys and bladder, and the latter and his hips hurt him all the time. He walks by the aid of crutches. His weight was reduced from 174 to 143 pounds. One doctor stated that appellee was suffering from an injury to his spine and "had partial paralysis of the bowels and bladder and the sensory and motor controls of the limbs below the waist line, and has a very rapid heart action." He stated that the sensory and motor paralysis was progressive and that appellee was almost helpless. Another physician testified to the same effect. That testimony was evidently believed to be credible by the jury and it justified a finding of permanent injuries that will render appellee a physical wreck for life. The judgment is affirmed.

*Affirmed.*

Writ of error refused.