SOUTHERN TRACTION CO. v. DILLON.
(No. 7756.)

(Court of Civil Appeals of Texas. Dallas. June 9, 1917. On Rehearing, Nov. 3, 1917. Rehearing Denied Dec. 15, 1917.)

1. WITNESSES ⬤⟳275(2) — CROSS-EXAMINATION—SCOPE.

In an action for personal injury and for the death of plaintiff's son when struck by defendant's car, a question to plaintiff on cross-examination as to whether he knew that, in a companion case arising out of injury to a third party in the same accident wherein the facts detailed by plaintiff were the same as those testified to on the trial, the jury's verdict found him guilty of negligence, was properly excluded, as it in no way contradicted the plaintiff's former statement.

2. RAILROADS ⬤⟳350(7)—PERSONAL INJURY —SPEED OF CAR—INSTRUCTIONS.

In such action, where the evidence showed that the car was running at the usual speed, with nothing to indicate that its speed would be lessened, until plaintiff drove upon the crossing, and where there was no issue of discovered peril, the speed of the car was not in issue, and its submission was erroneous.

3. APPEAL AND ERROR ⬤⟳1062(1)—HARMLESS ERROR—SUBMISSION OF ISSUE.

Where the finding as to the sounding of the whistle was a sufficient predicate for defendant's negligence, the submission of the issue as to the speed of the car was harmless.

4. TRIAL ⬤⟳214—CONTRIBUTORY NEGLIGENCE —INSTRUCTION—NECESSITY OF REQUEST.

In an action for personal injury at a crossing, when struck by defendant's car, where the plea of contributory negligence was supported by evidence, the court should have presented a proper charge thereon, and its failure to do so would have been ground for reversal without presenting charges.

5. TRIAL ⬤⟳423—INSTRUCTIONS—REQUESTS— PREPARATION.

Where defendant, not standing upon its objection to the charge, undertook at the court's request, to prepare special charges on the issue of contributory negligence, part of which were given by the court, defendant could not complain that they were not as full and specific as they should have been.

6. DAMAGES ⬤⟳216(8) — INSTRUCTION — LOSS OF EARNING CAPACITY.

An instruction that in estimating the amount of damages the jury might consider plaintiff's lessened capacity to labor and earn money, but not placing any limitation as to the lessened capacity, and leaving the jury to assess damages in the future, was erroneous, where the evidence did not show that plaintiff's injuries were permanent, or what his future condition would be.

7. DEATH ⬤⟳104(5)—EARNING CAPACITY—INSTRUCTION.

A charge that the jury might consider the net value of the services of plaintiff's son from the date of the fatal accident until he should have reached majority, without requiring the jury to consider the expense that plaintiff would probably incur on his son's account during minority, was erroneous, especially in view of its failure to explain the expression "the net value of the services."

On Rehearing.

8. APPEAL AND ERROR ⬤⟳754(1)—HARMLESS ERROR—ERRONEOUS INSTRUCTION ON DAMAGES.

In an action for personal injury and for the death of plaintiff's son when struck by defendant's car, where there was no assignment that the verdict for plaintiff was excessive, errors in the instructions, which could have only caused an excessive verdict, and which had no bearing on the question of liability, would not authorize a reversal.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by J. A. Dillon against the Southern Traction Company. Judgment for plaintiff, and defendant appeals. Judgment affirmed.

J. J. Averitte and Wear & Frazier, all of Hillsboro, for appellant. Shurtleff & Cummings and Walter Collins, all of Hillsboro, and Chas. L. Black, of Austin, for appellee.

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

RAINEY, C. J. Appellee Dillon was traveling along a public road in Hill county, driving two mules hitched to a covered wagon, two lads accompanying him in the wagon, one his son 9 years old and the other about 13 years of age. While going across the track of the Southern Traction Company the wagon was struck by a car of said company, which collision resulted in Dillon's legs being broken, his son being killed, and the other lad being injured. Dillon instituted this suit against the traction company to recover damages for the injuries to himself and for the killing of his son. Defendant answered by general denial and specially contributory negligence. Special issues were submitted to a jury, and upon return of answers thereto judgment was rendered for appellee.

[1] Upon the trial of the case appellee, while testifying, shed tears, and on cross-examination he was asked this question:

"All right, you know that the jury in passing upon the Buford Owens case, a companion case to this, in which all of the facts and circumstances detailed by you at this time were detailed by you on that trial, and in passing upon that case the jury last week returned a verdict, that is, the jury trying that case returned a verdict on Monday of this week, stating that you were guilty of negligence in going upon the crossing and the track at the time you were injured?"

which was objected to because immaterial and irrelevant, and said objection was sustained. We find no error in this action of the court. It was not proper for him to testify that he knew the jury in the Owens Case, a companion case which had been previously tried, had returned a verdict that he was guilty of negligence in driving upon the track, as it in no way contradicted any former statement made by him. Besides, there was testimony admitted which showed that appellee did not cry when being examined, and in detailing the circumstances of the accident on two former occasions. What the verdict in the Owens Case was was not a relevant matter for consideration of the jury trying this case.

[2] Complaint is made of the court's charge in the submission to the jury of the question of negligence of appellant in the speed of its car, and it being the proximate cause of the injury; also in failing to sound the whistle at the proper time and place in approaching the crossing; which issues were answered in the affirmative. As to the speed at which the car was running, we think the submission was erroneous, as the testimony was not sufficient to warrant it. The car was running at the usual speed for it to run, and there was nothing at the time in the surroundings to indicate that the speed should be lessened, until appellee drove upon the crossing, when the car was nearly approaching the crossing. There was no plea or issue of discovered peril presented, and the speed of the car did not become an issue.

[3] But the sounding of the whistle was an issue, and being answered in the affirmative was sufficient upon which negligence could be predicated, and the submission of the issue as to the speed of the car was harmless, and does not cause a reversal of the case.

[4, 5] The issue of contributory negligence was raised by the evidence, and the court failed of its own motion to charge thereon. Counsel objected to this omission in time, and the court offered to give a charge on this question if counsel would prepare it. Counsel prepared seven propositions thereon, which were requested to be given, but the court only submitted two to the jury, Nos. 1 and 5. No. 1 was answered in the negative, and No. 5 only calling for an answer in the event No. 1 was answered in the affirmative, it was not answered by the jury.

The appellant having pleaded contributory negligence, and that issue being raised by the evidence, the court should have presented the proper charge. Not having done so, the appellant would have a good ground for reversal without presenting special charges. Railway Co. v. Gant, 175 S. W. 745. But counsel did not stand alone upon his objections to the charge, but undertook to comply with the court's request to prepare special charges on said issue. Having presented several and the court having given two, we are of the opinion that appellant cannot be heard to complain, although those given are not as full and specific as they should have been.

[6] Complaint is made of the court's charge on the measure of damages, which charge is as follows:

"Question No. 6. 'What amount of money if paid now, in cash, would compensate J. A. Dillon for the damage, if any, sustained by him on account of the death of the son, Estrelle Dillon, and for the injuries, if any, sustained by him as a direct and proximate result of said accident?' 'In estimating the amount of damages, if any, which you may find for J. A. Dillon, you will take into consideration only the following elements: The physical and mental pain, if any, suffered by the plaintiff, J. A. Dillon, and any lessened capacity to labor and earn money on the part of the said J. A. Dillon, if any, as a direct and proximate result of the injuries, if any, received by the plaintiff at the time of said accident, and the net value of the services of said Estrelle Dillon from the date of the said accident until he should have reached the age of 21 years.'"

One objection is to that part of the charge which relates to the lessened capacity of appellee to labor and earn money. The appellee submits that the impairment of earning capacity may be inferred by the nature of the injuries, in the absence of express evidence. The evidence shows that appellee, six months after the accident, testified as follows:

"I will be 42 years old my next birthday. Prior to this accident there was not anything the matter with me; I was able to work and

did work every day, and before I was injured I was making from five to seven and eight dollars a day. I was hurt on the 2d day of last September, and since that time I have not done anything or earned any money. * * * When the car struck the wagon it killed my little boy and broke my leg and cut my head up there and skinned me all over. It broke my left leg right above the ankle and skinned my head up here about my left eye; cut my left eyebrow in two twice. After the injury we were carried to Milford, and were then brought home in Hillsboro something near 8 o'clock that night. I was confined to my bed after that and was under the treatment of Dr. Brian and Dr. Edwin Vaughan for about two months, I think. There was a month and two days that I didn't turn over, and then there was for quite awhile that I was in the bed then, and then I got to where I could sit up some, and I don't remember just how long I was in the bed. During that month and two days I suffered a right smart pain and could not sleep at night and I suffered from mental worry."

It is to be noted that the charge does not place any time or limitation in regard to the lessened capacity to earn money which may exist, and it leaves the jury to assess damages in the future on lessened capacity. The evidence does not show that appellee's injuries were permanent, or what his future condition would be from the injuries. We agree with the contention of appellant that when there is evidence showing the capacity to earn money is lessened permanently such a charge would not be objectionable, but the evidence fails to make such a showing, and therefore we hold that the charge is error. Railway Co. v. Choate, 159 S. W. 1058; Railway Co. v. Spencer, 55 Tex. Civ. App. 456, 119 S. W. 716. The two cases above cited were cited by appellee to support his contention, but in the Choate Case, a charge was approved which limited the existence of incapacity to earn money "as long as such diminution, if any, shall exist, that was the direct and proximate result of the negligence, if any, of the said defendant." This charge placed a due limitation upon the existence of such incapacity, which the charge in this case does not do. In the Spencer Case, on this point the evidence showed the injuries were permanent, and the charge was proper as to future damages as to lessened capacity.

[7] There is also objection to said charge as to the contributions that the boy would have made to appellee, had he not been killed. The charge fails to tell the jury, in estimating the value of the son's services to the appellee, to consider the expense that appellee would probably incur on his son's account for the period of his minority, but the charge is so worded that the jury might infer what the services for the full time would be worth, and allow such value if now paid in cash. The expression in the charge, "net value of the services," is not explained by the court, and there is no explanation from which the jury are informed of what element is to be deducted from the value of the services that might be rendered. Rail-

way Co. v. Morrison, 93 Tex. 527, 56 S. W. 745; Traction Co. v. White, 94 Tex. 468, 61 S. W. 706.

For the errors indicated we reverse the judgment and remand the cause.

## On Rehearing.

On consideration of appellant's motion for rehearing we have reached the conclusion that we erred in our former holding reversing the judgment and remanding this case. In our former holding our judgment was based on two grounds, to wit: (1) That the court erred in charging the jury that they could assess damages for plaintiff on account of impaired earning capacity; (2) for submitting to the jury the question of damages for the loss of services of plaintiff's deceased son.

[8] In our former opinion we cited two cases, Railway Co. v. Choate, 159 S. W. 1058, and Railway Co. v. Spencer, 55 Tex. Civ. App. 456, 119 S. W. 716, and stated that said cases were cited by appellee in support of his contention. Counsel for appellee complains that this was a mistake on our part, but that said cases were cited in support of another proposition. This being true, we erred in this respect, which is here conceded. We also concede error was committed in reversing the judgment on the two grounds mentioned, as both relate to the court's charge on the measure of damages. While the two cases were not cited by the appellant, as stated by us, we are of the opinion that the principle announced therein is applicable, and supports the proposition stated by us.

There was no assignment by appellant that the verdict was excessive, nor was there any contention in the court below by appellant that any such vice existed in the verdict. This being the condition of the record we feel that we were not authorized to reverse the judgment on these grounds, for as said by Mr. Justice Stayton in the case of Railway Co. v. Boozer, 70 Tex. 530, 8 S. W. 119, 8 Am. St. Rep. 615:

"We are of the opinion, however, that we would not be authorized to reverse the judgment on account of this charge, even if it was not the duty of the appellant to have asked a proper charge in this respect, for there is no complaint made that the verdict of the jury was excessive. The only effect the charge could have had would have been to cause an excessive verdict, and it in no way had a bearing on the question whether the appellant was liable at all under the facts."

See, also, Railway Co. v. Motwiller, 51 Tex. Civ. App. 432, 112 S. W. 796.

Such being the case a rehearing is here granted, and as we conclude that there was no other error in the charge of the court, and as the evidence was submitted to the jury and they determined against appellant, we do not feel warranted in disturbing their finding. Therefore the motion for rehearing is granted and the judgment is affirmed.