**SPRAGUE et al. v. HUBERT.**
No. 3090.

Court of Civil Appeals of Texas. El Paso.
Nov. 28, 1934.

Rehearing Denied Jan. 3, 1935.

739

Walter Groce, of San Antonio, for plaintiff in error.

Collins, Jackson & Snodgrass, of San Angelo, for defendant in error.

PELPHREY, Chief Justice.

On or about May 20, 1932, defendant in error, accompanied by Andrew Bonner, was driving an automobile on his way from San Angelo to Ozona, Tex. They were on a newly constructed road, driving at night, and the road was muddy. Between Barnhart and Ozona, while passing a truck going in the opposite direction, defendant in error's left arm was struck in some manner and so badly crushed that it had to be amputated above the elbow.

He later instituted this suit, naming plaintiff in error and Lloyds America as defendants. Lloyds America was made defendant as the carrier of an indemnity insurance policy on the truck.

Plaintiff in error and the insurance company both filed pleas of privilege, which were overruled.

While a hearing was being had upon the pleas of privilege, part of the jury panel were present in the courtroom.

Immediately following the overruling of the pleas of privilege, the case was called for trial on the merits, at which time defendant in error and Lloyds America requested time in which to prepare their answers.

The answers were thereupon dictated, and, while they were being typed, the selection of a jury was commenced; it having been made known to attorney for defendant in error prior to such time that answers would, among other things, include pleas in abatement based on misjoinder of parties defendant. After the jury had been examined, the answers were filed. During the examination of the jury, it was stated by defendant in error's counsel that plaintiff in error as the truck owner held a policy, and that defendant in error was suing Lloyds America, alleging that they had issued a policy of insurance on the plaintiff in error as a common carrier.

After the pleas in abatement had been filed, defendant in error dismissed as to Lloyds. Thereupon plaintiff in error moved to discharge the jury on account of the prejudice caused by informing them of the fact of insurance coverage. This motion was by the court overruled and, upon a trial before a jury selected from the panel, a verdict was returned in favor of defendant in error for the sum of $13,000, the full amount sued for. From a judgment for that amount, this appeal is prosecuted.

Opinion.

The court's action in overruling his motion to discharge the jury panel is made the basis of plaintiff in error's first assignment of error. His position is that, it being reversible error to inject the fact that defendant carries insurance into a cause, the court should have discharged the panel and called another jury that would not be aware of, and influenced by, the knowledge that he carried insurance.

Defendant in error does not question the correctness of plaintiff in error's contention that, generally speaking, the apprising of a jury of the fact that defendant carries insurance is error, but says that plaintiff in error was responsible for this knowledge having come to the jury, and therefore, if there was any error, it was invited, and further that, since the record shows that plaintiff in error was acting as a common carrier for hire, the jury was presumed to know that the law required him to carry indemnity insurance.

The motion to discharge the jury and the court's action thereon are shown in the statement of facts, and the record contains no bill of exceptions presenting the question.

Defendant in error also contends that the matter is not, by reason of the absence of a bill of exceptions, before the court. There is considerable confusion in the decisions upon the question as to when bills of exceptions are necessary and when not. Article 2237, Rev. St. 1925, as amended by Acts 1931 (1st Called Sess.) c. 34, § 1 (Vernon's Ann. Civ. St. art. 2237), is quite broad in its provisions,

and the inclusion of the motion and action of the court in the statement of facts may come within them. Selz Schwab & Co. v. Smith (Tex. Civ. App.) 44 S.W.(2d) 455.

It will not, however, be necessary in this case to pass upon that question.

■ We are of the opinion that the error was invited, and that, the knowledge having come to the jury from other sources without objection, plaintiff in error cannot complain. When the examination of the jury began, counsel for plaintiff in error knew that he had dictated pleas in abatement, setting up that Lloyds America was not a proper party defendant. We cannot presume that this was an idle gesture on his part. He must have believed in his motion and therefore expected it to be sustained. In such a position, we feel that he should have objected to the mention of Lloyds America as an insurer, or, at least, should have called the court's attention to the fact that he was filing such pleas and requested the court to postpone the examination of the jury until they had been acted upon. As to the hearing on the pleas of privilege, it appears that a large number of the jurors, including ten of those who tried the case, were present, but it does not appear, and there is no claim made by plaintiff in error in his brief, that there were not enough jurors who were not present at that hearing from whom to have selected a jury. It appeared in evidence, brought out on direct examination of plaintiff in error, that he had a railroad permit. On cross-examination he stated, without objection, that he had told defendant in error that he carried an accident policy against the truck.

■ It has been held that a jury is presumed to know that a common carrier for hire operating under a permit is required to carry liability insurance. Southland-Greyhound Lines v. Cotten (Tex. Civ. App.) 55 S.W.(2d) 1066; Monzingo et al. v. Jones (Tex. Civ. App.) 34 S.W.(2d) 662; Milliron v. Dittman, 180 Cal. 443, 181 P. 779.

In putting in evidence, himself, the fact that he had a permit, plaintiff in error called into being the knowledge (all persons being presumed to know the law) that he carried indemnity insurance, and, when he, without objection, testified to having told defendant in error that he carried a policy on the truck, he should certainly be held to have waived any error arising from the jury's knowledge that he was insured.

■ The issue as to the amount of damages was submitted in this manner:

"What amount of money, if paid now, would reasonably compensate the plaintiff, Hallie Hubert, for his damages, if any, suffered by him as a result of the accident in question? Answer by stating the amount of money, from a preponderance of the evidence in this case.

"In determining your answer to question No. 22 you may take into consideration only the nature and extent of the injuries, if any, to the plaintiff's person proximately resulting from said accident, including any past physical pain and suffering, if any, any past loss of earnings, if any, which proximately resulted from the injuries, if any, and any loss of earnings, if any, which plaintiff may sustain in the future as a proximate result of his injuries, if any, sustained as a result of said accident, if any."

Plaintiff in error filed the following objection to this charge: "Defendant further objects to that portion of the explanatory charge which allows the jury to award damages for loss of earnings in the future, for said charge, as framed, is too general and does not require the jury to confine themselves to the present value of such future loss of earnings."

This objection is not well taken. In San Antonio & A. P. Railway Co. v. Lester (Tex. Civ. App.) 84 S. W. 401, 404, the court gave this instruction: "If you find for the plaintiff, and believe from the evidence that he was injured as alleged in his petition, you should allow him such sum as you believe from the evidence will compensate him for the injuries sustained, if any; and in estimating damages, if any, you may take into consideration the mental and physical pain suffered, if any, consequent upon his injuries, if any; and if you believe from the evidence that his injuries, if any, are permanent, and will diminish his capacity to labor and earn money in the future, then you may allow him such sum as you believe from the evidence will be a fair compensation for his diminished capacity, if any, to labor and earn money in the future."

This charge was complained of as not limiting the jury to a finding as to the sum to which appellee was entitled at the time of trial.

The court said: "The charge leaves the jury free to determine the sum that would compensate appellee for his injuries. The jury could not have imagined that this sum was any other than what appellee was entitled to at the time of the trial."

This case was reversed by the Supreme Court, but on other grounds. Almost the identical charge here was given in San Antonio & A. P. Railway Co. v. Spencer, 55 Tex. Civ. App. 456, 119 S. W. 716, 718 (writ refused). In that case the court used this language: "The charge correctly presented the question of damages to the jury, and it was not incumbent on the court to instruct the jury that the damage for diminished capacity to labor 'is such a sum as if paid now will compensate him for the amount he will lose by reason of his diminished capacity to labor and earn money in the future.' The whole of the charge had reference to the present value of the damages, and it was not necessary to so state in regard to each item."

In Continental Oil & Cotton Co. v. Gilliam (Tex. Civ. App.) 151 S. W. 890, 893 (writ refused) this instruction was given: " * * * And that the injuries, if any, of the plaintiff were the proximate result of the negligence of said defendant, then in such events you will find for the plaintiff, and in such events would allow him damages in such sum as in your judgment would reasonably and fairly compensate him in money for the physical and mental pain, if any, consequent upon his injuries received, and if from the evidence you believe from the testimony that plaintiff's injuries, if any, are permanent, and will diminish his ability to labor and earn money in the future, then, in addition to the above, allow him such a sum as will reasonably and fairly compensate him for the diminution, if any, in his capacity to labor and earn money. * * * "

Complaint was lodged against this charge because it permitted the jury to calculate the amount the plaintiff would lose annually for the period of his natural life, and allow him that sum of money.

In holding the instruction correct, the court said: "We think the jury as reasonable men must have contemplated that the damages recoverable by appellee when lawfully ascertained would be paid, and could not have been so misled as to base their finding as to the amount thereof on any other theory."

In Gulf, C. & S. F. Railway v. Moser (Tex. Civ. App.) 277 S. W. 722, 723 (writ dismissed) and in St. Louis Southwestern Railway Co. of Texas v. Bishop (Tex. Civ. App.) 291 S. W. 343, 349, the instructions contained the expressions "if paid in cash at this time" and "if paid in cash now," and the appellate courts held that those expressions encompassed present value of future expectations.

There is no merit in the assignment raising this question, and it is overruled.

The explanatory portion of the above issue was also objected to on the ground that it permitted a double recovery.

The argument advanced in support of this contention is that, when the court authorized the jury to also consider the nature and extent of defendant in error's injuries, without confining such consideration to the effect same would have on past and future ability to work and earn compensation and the pain caused thereby, a double recovery was authorized. Plaintiff in error calls attention to the size of the verdict as being persuasive of the harmful effect of the charge. The charge here given is not, in our opinion, subject to the construction claimed.

It will be noted that in the charge the court, in mentioning "the nature and extent of the injuries," is limiting the jury to a consideration of only those injuries to the person of defendant in error proximately resulting from the accident. The court then, after putting that limitation upon the jury, goes on to say what elements of damage may be considered.

The charge is quite similar to the one given in Gulf, C. & S. F. Railway Co. v. Brown, 16 Tex. Civ. App. 93, 40 S. W. 608 (writ dismissed), and what was there said we think will apply here.

The cases cited by plaintiff in error do not, in our opinion, fit the facts here; and the instructions given therein were entirely different.

The assignment will be overruled.

Special issue No. 17 reads: "Do you find from a preponderance of the evidence in this case that the plaintiff Hallie Hubert was driving his automobile too close to the truck for his own safety?" To this issue the jury answered: "No."

Plaintiff in error now asserts that the jury's answer was so contrary to the great preponderance of the evidence as to be manifestly unjust and that the verdict should have been set aside.

The position is taken by plaintiff in error that, because of the fact that defendant in error's car was so close to the truck that the truck or something attached thereto struck his arm and injured it, it cannot be said that he was not driving his car too close to the truck for his own safety. We cannot follow this method of reasoning. The question submitted to the jury was: "Was the plaintiff, Hallie Hubert, driving his automo-

bile too close to the truck for his own safety?" and not whether his car was too close to the truck for his own safety when he was injured.

The question was submitted for the purpose of having the jury pass upon the contributory negligence of the defendant, and the jury must have understood that their answer depended upon whether they believed plaintiff in error in driving his car had caused it to go too close to the truck for his own safety or not. There is evidence here that defendant in error drove his car just as far to the right as he could without going into the ditch. If that be true, then he was not driving the car too close to the truck for his own safety, and the jury properly answered the issue in the negative.

Finding no reversible error in the record, the judgment of the trial court is affirmed.