**KIRBY LUMBER CORP.**

v.

**OVERSTREET.**

No. 3128.

Court of Civil Appeals of Texas.

Waco.

Nov. 19, 1953.

Rehearing Denied Dec. 10, 1953.

Fountain, Cox & Gaines, Joyce Cox, Howell Cobb, Houston, for appellant.

Smith & Lehmann, Houston, Campbell & Foreman, Livingston, R. A. Richardson, Stanley Coe, Kountze, for appellee.

HALE, Justice.

This is an appeal from a judgment rendered in a non-jury trial awarding to appellee $27,500 as compensatory damages on account of personal injuries negligently inflicted upon him in an automobile collision which occurred on September 14, 1950. The sole question presented on the appeal is whether the trial court erred in denying the motions of appellant for a physical examination of appellee as a condition precedent to the trial of the case.

The cause came on for trial on April 1, 1953. At that time, and again at the conclusion of the evidence on behalf of appellee, counsel for appellant moved the court below to require appellee, as a condition precedent to proceeding further with the trial, to submit his person to a physical examination to be made by a doctor of appellant's choosing, or, alternatively, by a doctor to be designated by the trial court. Each of these motions was overruled and the action of the court in overruling them constitute the alleged errors upon which the appeal is predicated.

During the trial appellee testified in his own behalf that he sustained painful cuts and lacerations on his arms, legs and head in the collision and that he also sustained an injury to his back. Although he appeared in person to give his testimony, he did not exhibit his body or any of his claimed injuries to the court at any time. According to his testimony, the lacerations and cuts on his legs, arms and face had healed at the time of the trial, but he had not recovered from the injuries to his back and head. Dr. David testified that he took three series of X-ray pictures of appellee's lumbar spine on September 19, 1950, March 19, 1951 and March 10, 1952, respectively, and that in his opinion these pictures disclosed a ruptured intervertebral disc of the fifth lumbar space which would reasonably account for the pain of which the patient complained. These X-ray pictures were introduced in evidence.

Under the record before us we do not think the trial court erred in denying appellant's motions for a physical examination of appellee, either prior to the trial or at the close of appellee's evidence, as a condition precedent to proceeding further with the case. In Austin & N. W. R. Co. v. Cluck, 97 Tex. 172, 77 S.W. 403, 64 L.R.A. 494, 104 Am.St.Rep. 863, 1 Ann.Cas. 261, the Supreme Court of this State held in an exhaustive opinion on the subject that a district court has no authority under the Constitution and laws of Texas to order the plaintiff in a common law action for damages on account of personal injuries to submit himself to a physical examination by a doctor. So far as we have been able to ascertain, the holding in the Cluck case has been consistently followed in this jurisdiction in each instance where the question has arisen. See: San Antonio & A. P. Ry. Co. v. Spencer, 55 Tex.Civ.App. 456, 119 S.W. 716, er. ref.; Safeway Stores, Inc., v. Rutherford, Tex.Civ.App., 101 S.W.2d 1055; Id., 130 Tex. 465, 111 S.W.2d 688; Equitable Life Assur. Soc. v. Murdock, Tex.Civ.App., 219 S.W.2d 159, er. ref. n. r. e.; Southwestern Greyhound Lines, Inc., v. Dickson, Tex.Civ.App., 219 S.W.2d 592.

When the present Texas Rules of Civil Procedure were originally promulgated by the Supreme Court on October 29, 1940, Rule 168 thereof authorized trial courts to order physical examinations in actions where the physical condition of a party was in controversy, but this rule was repealed by order of the Supreme Court on March 31, 1941 and since that date the trial courts of this State have had no lawful au-

thority to order such examinations except in cases where the injured party makes profert of his body to the trial court or jury during the trial. In our opinion, the introduction in evidence of the X-ray pictures of appellee's lumbar spine did not amount to a profert of his body or injuries and appellee did not thereby waive his right to refuse to submit himself to the physical examination sought by appellant. Kirkpatrick v. Neal, Tex.Civ.App., 153 S.W.2d 519, er. ref. w. o. m.

If for any reason the prevailing rule of law in Texas on the subject here under discussion ought to be changed, then in that event such change should be made by either the Legislature or the Supreme Court and not by this Court. Accordingly, appellant's points of error must be and they are hereby overruled and the judgment appealed from is affirmed.