## HOLLAND v. WOOD. (No. 939.)

(Court of Civil Appeals of Texas. El Paso. March 6, 1919.)

BILLS AND NOTES ⬅496(3) — BURDEN OF PROOF.

Where plaintiff in suit on note is payee, that the note is indorsed by him in blank does not make it necessary that plaintiff allege and prove ownership of note; such indorsement not raising a presumption against title of holder.

Appeal from Palo Pinto County Court; J. T. Ranspot, Judge.

Action by M. F. Wood against E. R. Holland and others. Judgment for plaintiff, and defendant Holland appeals. Affirmed.

S. C. Rowe, of Ft. Worth, for appellant. W. Percy Smith, of Ft. Worth, for appellee.

WALTHALL, J. M. F. Wood brought this suit against S. R. Varner, Mrs. F. M. Watson and her husband, F. M. Watson (the latter joined pro forma), and E. R. Holland to recover on a promissory note, executed by Varner, Mrs. Watson, and Holland, and made payable to the order of appellee, Wood, in the sum of $600, interest, and attorney's fees, less admitted credits. Varner filed no answer. On a plea of coverture of Mrs. Watson, the suit was dismissed as to both of the Watsons. Holland answered by general demurrer, general denial, and by plea of non est factum, alleging that he signed the note, but that since doing so the note had been materially altered, in that the note, when signed by him, was for the sum of $500, and that since he had signed it, without his consent or authority, the note was so changed as to read $600. By supplemental pleading Wood denied that any change had been made in the note since Holland signed it. The issue of the change in the amount of the note was the only issue raised on the trial. The jury, on special issues submitted, found that the change in the amount of the note was made before Holland signed it. Judgment was entered in favor of Wood against Holland for the unpaid balance on the note, interest, and attorney's fees. On a former appeal of this case, judgment was affirmed as to all parties, except as to Holland, and as to him was reversed for want of service. Holland v. Wood, 196 S. W. 309.

Appellant presents two assignments of error that we may consider: First, to the overruling of a special charge directing a verdict in his favor; second, that the verdict and judgment is contrary to the law and evidence, in that the pleading does not allege nor the proof show his ownership of the note to be in Wood, hence no right to recover. Appellant's contention under the two assignments is substantially the same. The note is made payable to the order of appellee, Wood, and the petition so alleges. The note is indorsed in blank by appellee, but of which indorsement neither the petition, nor answer, nor the issues submitted, nor the evidence, except as it appears on the note, make mention.

It is the contention of appellant that, where the plaintiff in the suit is the payee of the note and the note is indorsed by the payee in blank, it becomes necessary that plaintiff allege and prove ownership of the note. The contention is not sustained by the authorities. It has been long and well established that the bare fact that a negotiable note, still in the hands of the payee, though it bears an indorsement to another, does not even raise a presumption against the title of such holder. House v. Security Mortgage and Trust Co., 38 S. W. 227. Here there is neither allegation nor proof that the blank indorsement was to another, nor that his note had ever been in the hands of another than the payee. In Texas L. & C. Co. v. Carroll & Iler, 63 Tex. at page 53, the Supreme Court says that—

"If nothing further than the indorsement had appeared, the presumption would be, when the paper was found in the hands of the payees, that the transfer had not been completed by delivery, that it had been returned to them as their own property, or that it had been transferred only for collection."

It was not necessary for Wood to allege ownership. The burden was on appellant to allege and prove that Wood was not the owner of the note. Griffin v. Parrish et al., 38 S. W. 383. This he did not do.

There is no merit in the third assignment. The judgment is affirmed.